817 F.2d 1525
 39 Ed. Law Rep. 68
 Bennie HARRIS, Plaintiff-Appellant,
v.
BIRMINGHAM BOARD OF EDUCATION, individually and its School
Board Members; Belle H. Stoddard, T.L. Alexander, Ossie
Ware Mitchell, Louis Dale and Martha S. Gaskins; Walter G.
Harris, as Supt. and individually; Gladys McGhee,
individually and as agent and/or employee of the Birmingham
Board of Education, Defendants-Appellees.
 No. 86-7430.
 United States Court of Appeals,
Eleventh Circuit.
 June 1, 1987.
 
 David A. Sullivan, Birmingham, Ala., for plaintiff-appellant.
 Gail M. Pugh, Lange, Simpson, Robinson & Somerville, James E. Simpson, Peyton Lacy, Jr., Birmingham, Ala., for defendants-appellees.
 Appeal from the United States District Court for the Northern District of Alabama.
 Before HATCHETT and ANDERSON, Circuit Judges, and TUTTLE, Senior Circuit Judge.
 HATCHETT, Circuit Judge.
 
 
 1
 In this termination of employment case, we hold that the district court correctly ruled that the termination notice and process met federal constitutional requirements.
 
 
 2
 Bennie Harris was a non-probationary, tenured employee (a custodian) of the Birmingham Board of Education (Board). In October, 1985, the Board gave Harris written notice that he was being terminated for "good and just cause." Grounds for the termination included (1) not performing his duties as head custodian at Lewis School; (2) not keeping the building and surrounding school area clean; and (3) screaming in an indignant and hostile tone to his supervisor, the principal. Harris requested and received a hearing on his termination before the Board of Education. Ten days before the hearing, Harris requested that the Board set forth the charges in greater detail, give him a list of the witnesses and documents, and a summary of the witnesses' testimony. The Board responded that Harris could look at his personnel file for answers to all his questions. Three days before the hearing, Harris reviewed the file and received a witness list.
 
 
 3
 After Harris reviewed the file, the Board sent him a letter setting forth three more reasons for his termination: drinking alcohol on the job and two other charges. At the hearing, Harris moved to strike these three charges. The panel granted the motion concerning the last two charges, but denied the motion as to the remaining charge of drinking alcohol. The panel voted two-to-one to confirm the discharge. In a subsequent letter by one of the panel members outlining the panel's decision, the member noted that evidence relating to the drinking of alcohol was not considered when the Board made its decision because the charge had not been included in the original three charges given to Harris in October, 1985.
 
 
 4
 Harris then filed suit in state court, and the Board removed the case to federal court. In the district court, both parties moved for summary judgment, and the Board's motion was granted.
 
 
 5
 Harris contends that the district court improperly allowed removal of this case from the state courts because his complaint was styled as a petition for writ of mandamus seeking reinstatement. Harris further contends that the termination proceedings did not provide him with procedural due process.
 
 REMOVAL
 
 6
 Reinstatement of an employee terminated in violation of procedural due process is not a ministerial act subject to a writ of mandamus. Cf. Gaines v. Thompson, 74 U.S. (7 Wall.) 347, 19 L.Ed. 62 (1869). In reality, Harris alleged a 42 U.S.C. Sec. 1983 action based on the Board's alleged deprivation of his procedural due process rights in the termination proceeding. Title 28 U.S.C. Sec. 1441(a) authorizes removal of any case over which the district court has original jurisdiction.[1] The district court had original jurisdiction of this case pursuant to 28 U.S.C. Secs. 1331 and 1343. The case was therefore properly removed.[2]
 
 PROCEDURAL DUE PROCESS
 
 7
 Harris had a property interest in continued employment. The charges against him would also tend to deprive him of his interest in his reputation. Therefore, Harris was entitled to:
 
 
 8
 (a) be advised of the cause or causes for his termination in sufficient detail to fairly enable him to show any error that may exist;
 
 
 9
 (b) be advised of the names and the nature of the testimony of witnesses against him;
 
 
 10
 (c) be accorded a meaningful opportunity to be heard in his own defense; and
 
 
 11
 (d) be afforded a hearing before a tribunal that has an apparent impartiality toward the charges.
 
 
 12
 Stewart v. Bailey, 556 F.2d 281, 285 (5th Cir.1977).
 
 
 13
 Harris contends that he did not receive constitutionally adequate notice of termination. The notice Harris received gave the following reasons for termination:
 
 
 14
 1. not performing your duties as head custodian at Lewis School;
 
 
 15
 2. not keeping the building and surrounding school area clean; and
 
 
 16
 3. screaming in an indignant and hostile tone to your supervisor, the principal.
 
 
 17
 Harris claims this notice did not provide him with notice "in sufficient detail to fairly enable him to show any error that may exist...." Stewart, 556 F.2d at 285. Harris was, however, provided with access to his personnel file prior to the hearing. Although Harris asserts that the file did not contain sufficient detail of the charges against him to defend himself, he does not refer to any affidavits or other evidence which would raise a material question of fact as to whether the detail in the personnel records was sufficient to comport with constitutional notice requirements. The district court's review of the file lead it to the conclusion that the material in the personnel file was sufficient. Our review of the file leads us to the same conclusion. When all is considered, Harris was simply charged with failing to properly keep the school clean and exhibiting disrespect for his supervisor, the principal. It takes little imagination to determine the possible witnesses.
 
 
 18
 Harris further contends that the notice of termination itself must contain the details upon which the reasons for termination are based, as required by Ala.Code Sec. 36-26-103:
 
 
 19
 Employment of an employee on permanent status must be terminated only in the following manner:
 
 
 20
 The employing board of education shall give notice in writing to the employee, stating in detail the reasons for the proposed termination [and] the facts upon which such reasons are based....
 
 
 21
 Ala.Code Sec. 36-26-103 (1985) (emphasis added).
 
 
 22
 Even if the notice in this case is insufficient to satisfy the state statute, the state statute does not define the process due under the federal Constitution. Therefore, even if the state statute has been violated, that does not prove a violation of a federal constitutional right. Harris must show not just a violation of a state statute, but a constitutional violation in this section 1983 action. Although the state statutory notice requirement is stated in mandatory language, it is a purely procedural requirement and not a substantive predicate to termination which gives Harris a protected liberty or property interest in receiving a notice which itself detailed the reasons for termination. See Hewitt v. Helms, 459 U.S. 460, 471-72, 103 S.Ct. 864, 871-72, 74 L.Ed.2d 675, 688 (1983).
 
 
 23
 In other words, this statute does not give Harris his property interest; he has a state given property interest of continuing employment in the absence of just cause for termination; this statute describes the process the state will follow in termination proceedings. Yet, we emphasize that the violation of a state statute outlining procedure does not necessarily equate to a due process violation under the federal constitution. If otherwise, federal courts would have the task of insuring strict compliance with state procedural regulations and statutes.
 
 
 24
 We earlier outlined the minimal federal constitutional process due Harris. He received what was due under the Constitution. We do not address the question whether Harris has a cause of action in the state courts for failure of the Board to strictly comply with the notice statute. We hold only that the due process and notice given in this case were sufficient for federal constitutional purposes.
 
 
 25
 AFFIRMED.
 
 
 
 [1]
 Title 28 U.S.C. 1441(a) provides:
 Except as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending.
 
 
 [2]
 Although the petition is entitled "Petition for Alternate Writ of Mandamus," it prays for damages, compensatory and punitive, and attorneys' fees