954 F.2d 1546
 72 Ed. Law Rep. 748
 Benjamin HARDY, Plaintiff-Appellant,
Sarah Summerville, Plaintiff,
v.
BIRMINGHAM BOARD OF EDUCATION, Dr. T.L. Alexander, Mrs.
Martha Gaskins, Dr. Robert Corley, Mrs. Ornie
McAlpin, Mr. Hank Nelson, III, Dr.
Cleveland Hammonds,
Defendants-Appellees.
 No. 91-7046.
 United States Court of Appeals,
Eleventh Circuit.
 March 5, 1992.
 
 1
 Bredhoff & Kaiser, Andrew D. Roth and Robert H. Chanin, Washington, D.C., for plaintiff-appellant.
 
 
 2
 Lange, Simpson, Robinson & Somerville, Gaile Pugh Gratton, Thomas F. Campbell and Peyton Lacy, Jr., Birmingham, Ala., for defendants-appellees.
 
 
 3
 Appeal from the United States District Court for the Northern District of Alabama.
 
 
 4
 Before FAY and BIRCH, Circuit Judges, and KAUFMAN*, Senior District Judge.
 
 
 5
 KAUFMAN, Senior District Judge.
 
 
 6
 Appellant, Benjamin Hardy (Hardy), was a tenured employee of the appellee, Birmingham Board of Education (Board), and worked as the head custodian at that appellee's Fairview School.[1] On February 8, 1989, the Board sent Hardy a notice of proposed termination for "neglect of duty, failure to perform his duties in a satisfactory manner, and other good and just cause." At the time Hardy received the notice, he had been an employee of the Board for ten years.[2] As an employee of the Board, Hardy was covered by Alabama's Fair Dismissal Act (Act), Ala.Code §§ 36-26-100 to 108 (1987) which provides dismissal procedures for non-teacher school board employees. Hardy had acquired "nonprobationary status" under the Act, which meant that his employment could be terminated only for specific reasons and in accordance with a specified procedure, all as set forth in the Act. That procedure includes the right to notice and a hearing before the Board and the right to appeal an adverse Board decision to a mutually agreed upon hearing officer or to a three-member employee review panel.
 
 
 7
 Hardy contested the proposed termination of his employment. The Board held a hearing and thereafter voted to terminate Hardy's employment. Hardy then filed a timely notice of appeal of the Board's decision pursuant to the provisions of the Act, choosing to appeal to a three-member employee review panel. Under the Act's provisions, such a panel is composed of one person selected by the employing board and another selected by the employee. The third member is selected by mutual agreement of the "two parties."[3] In the event the two parties cannot agree upon a third member within 10 days following the appointment of the second member, the probate judge of the county in which the dispute arose is required to submit the names of three individuals whom the judge believes are qualified to serve.[4] The parties are each entitled to strike one name; the person whose name remains becomes the third member of the panel.
 
 
 8
 The Board chose as its panel member an employee of its personnel department. Hardy chose Sarah Summerville, his union representative, as his panel member. Because the two parties were unable to agree with respect to a person to serve as the third member of the panel, the Jefferson County probate judge[5] submitted a list of three names from which a local attorney emerged as the panel's third member. The latter chaired the panel.
 
 
 9
 The panel held four days of hearings. On the next to the last day of hearings, the Board moved that panelist Summerville recuse herself on the ground that she had "independent knowledge of some of the facts surrounding this particular case"--acquired from her contacts with Hardy in her capacity as his union representative. Summerville apparently declined to recuse herself, at least in part, because union employees and school board employees had regularly been appointed to serve on employee review panels, notwithstanding their prior involvement in the underlying dispute.
 
 
 10
 The employee review panel issued a unanimous decision on July 14, 1989, concluding that Hardy had been wrongfully terminated by the Board and that he "should be reinstated immediately to the position of custodian." A copy of that decision was sent to respective counsel for Hardy and the Board. Hardy's counsel then wrote to the panel requesting clarification and modification of the decision to provide Hardy with backpay. Several weeks later the Board's counsel wrote to the panel challenging the validity of the panel's decision on several grounds, one of which was that the panel had exceeded its authority under the Act because it did not make a finding as to whether the Board's decision was based on one or more grounds specified by the Act. Counsel for the Board concluded his letter by stating that "Mr. Hardy will not be reinstated." The letter contained no indication that the Board intended to appeal the panel's decision. The panel chairperson, on August 14, 1989, in a written response, accepted personal responsibility for failing to cite the relevant provisions of the Act upon which the panel relied and stated that the panel's decision "was that the action of the Birmingham Board of Education was arbitrary, unjust and unwarranted." The written response also addressed Hardy's counsel's concern about backpay, stating that the panel had concluded that Hardy should be awarded backpay.
 
 
 11
 After waiting a month for the Board to comply with the panel's decision, and in the light of the unequivocal position of the Board that it would not, as stated in the Board counsel's letter of August 14, 1989, rehire Hardy, the latter filed in the Circuit Court of Jefferson County, Alabama, on September 15, 1989, a "Petition for Writ of Mandamus/Damage/Preliminary and Permanent Injunctive Relief." In that petition, Hardy alleged, inter alia, that the Board's failure to comply with the unappealed "final and binding" decision of the employee review panel was a clear violation of the Act, and asked the state court to issue a writ of mandamus directing the Board to reinstate him to his position with backpay. In addition to that state law claim, Hardy also claimed that the Board's failure to comply with the employee review panel's decision deprived him of a property right and of due process of law in violation of the Fourteenth Amendment to the United States Constitution and of 42 U.S.C. § 1983.[6]
 
 
 12
 The Board, on the basis of Hardy's federal constitutional and federal statutory claims, removed the case to the United States District Court for the Northern District of Alabama. On the merits, the Board contended that because the Board was exercising "discretionary duties" in deciding to terminate Hardy, the latter's reinstatement was not a ministerial duty subject to mandamus. In addition, the Board asserted that the employee review panel's decision was defective because the panel had made no specific determination that the Board's termination of Hardy was based on a statutorily permissible ground. In a later Amended Response to Hardy's petition, the Board additionally contended that the failure of Summerville to recuse herself from the employee review panel denied the Board due process of law under the United States Constitution and Alabama's Constitution and was in derogation of the Board's common-law right to a fair and impartial hearing. The Board asked the federal district court to enjoin enforcement of the panel's decision, to render the panel's decision a nullity and to affirm the Board's termination of Hardy.
 
 
 13
 After Hardy and the Board filed cross-motions for summary judgment, the district court dismissed Hardy's Section 1983 claim, observing that "[t]he due process and notice given in this case were sufficient to comply with federal constitutional requirements." Although Hardy argued that the panel's decision to reinstate him created a new property right which was violated without due process of law by the Board, the district court rejected that contention, stating that the "panel's decision and the Board's treatment of it are part and parcel of the ongoing proceedings regarding plaintiff's original property interest in his employment created by the Fair Dismissal Act." The district court also determined that the termination and reinstatement at issue were not ministerial acts subject to a writ of mandamus, citing Harris v. Birmingham Board of Education, 817 F.2d 1525, 1526 (11th Cir.1987), and that the panel's order should be vacated, an entirely new panel named, and a new hearing held. In so doing, the Court referred to "the blatant extrajudicial knowledge and extrajudicial involvement in the case of panel member Sarah Summerville, plaintiff's representative, and the review panel's failure to make findings of fact"[7] and wrote that "[w]hile some degree of partisanship on the part of the panelist chosen by each party may be anticipated, extrajudicial knowledge and activity by a panelist fatally taints the proceedings." The district court also concluded that "a basic tenet of administrative law is that the grounds of an administrative decision must be disclosed in order for the court to determine whether the decision was based on substantial evidence and proper legal standards," and that the panel's revised "findings" in its letter dated August 14, 1989, merely tracked the catch phrases from the Act and were insufficient to meet the level of specificity required to provide meaningful court review.
 
 I.
 
 14
 In this appeal, appellant has abandoned his federal claims. That abandonment was specifically reaffirmed by appellant's counsel during oral argument upon questioning by one or more members of this Court. Accordingly, with only state law issues pending, the sole subject matter jurisdictional base is pendent jurisdiction. If the Board is a state agency, a position which the Board espoused below, then Hardy's state law claims may well be barred by the teachings of Pennhurst State School & Hospital v. Halderman, 465 U.S. 89, 104 S.Ct. 900, 79 L.Ed.2d 67 (1984). Whether a city or county board of education "is to be treated as an arm of the State partaking of the State's Eleventh Amendment immunity, or is instead to be treated as a municipal corporation or other political subdivision to which the Eleventh Amendment does not extend ... depends, at least in part, upon the nature of the entity created by state law." Mt. Healthy Bd. of Educ. v. Doyle, 429 U.S. 274, 280, 97 S.Ct. 568, 572, 50 L.Ed.2d 471 (1977). In Stewart v. Baldwin County Board of Education, 908 F.2d 1499, 1509-11 (11th Cir.1990), this Court, applying Mt. Healthy, held that under Alabama law the county school board therein involved was not an arm of the state. The question arises as to whether the appellee-Board is or is not an arm of the State of Alabama. If it is, then the federal court below was jurisdictionally barred from considering appellants' pendent state law claims. However, even if the Board is not a state agency, the district court--although not jurisdictionally barred from reaching the pendent issues--nevertheless erred in exercising its pendent jurisdiction for the reasons set forth infra in this opinion.
 
 II.
 
 15
 The state law questions presented in this appeal concern the interpretation of Alabama's Fair Dismissal Act, and specifically include whether the district court erred (1) in holding that Hardy was not entitled under Alabama law to a writ of mandamus ordering the Board to comply with the decision of the employee review panel issued pursuant to the Act, because compliance with the decision was not a ministerial act; (2) in concluding that the decision of the employee review panel was invalid because Hardy's representative on the panel had "extrajudicial" knowledge of the case; (3) in determining that the decision of the employee review panel was defective under Alabama law because the panel failed to make specific findings of fact to support its decision, and, (4) if no such specific fact-finding is required, whether the court erred in vacating the decision and ordering the establishment of a new panel rather than remanding the case to the existing panel with instructions to make the requisite findings of fact.
 
 
 16
 This case came before the court below upon removal from state court by appellants. The basis for such removal was that Hardy had alleged federal causes of action. The district court, however, ruled in a summary judgment context that Hardy had failed to state a cause of action under Section 1983 and did not specifically address Hardy's allegations of federal constitutional violations. Nor, in this appeal, have either Hardy or the Board pressed any federal law issue, constitutional or statutory. Nevertheless, the court below went on to decide the pendent state law issues and both appellant and appellee apparently urge us to do likewise. That we may not do.
 
 
 17
 In United Mine Workers v. Gibbs, 383 U.S. 715, 86 S.Ct. 1130, 16 L.Ed.2d 218 (1966), the Supreme Court concluded that federal courts have the power to hear state law claims arising out of a "common nucleus of operative fact" with the federal claims. Id. at 725, 86 S.Ct. at 1138. However, the Court also added that such pendent jurisdiction should be exercised on a discretionary basis by federal courts and that, in exercising such discretion, federal courts should keep in mind that the "justification [for pendent jurisdiction] lies in considerations of judicial economy, convenience and fairness to litigants." Id. at 726, 86 S.Ct. at 1139. The Supreme Court went on to state in Gibbs:
 
 
 18
 [n]eedless decisions of state law should be avoided both as a matter of comity and to promote justice between the parties, by procuring for them a surer-footed reading of applicable law. Certainly, if the federal claims are dismissed before trial, even though not insubstantial in a jurisdictional sense, the state claims should be dismissed as well.
 
 
 19
 Id. (footnote omitted) (emphasis added). More recently, in Carnegie-Mellon University v. Cohill, 484 U.S. 343, 108 S.Ct. 614, 98 L.Ed.2d 720 (1988), the Supreme Court, while noting that Gibbs did not establish "a mandatory rule to be applied inflexibly in all cases," id. at 350 n. 7, 108 S.Ct. at 618 n. 7, reiterated its earlier view that "when the federal-law claims have dropped out of the lawsuit in its early stages and only state-law claims remain, the federal court should decline the exercise of jurisdiction by dismissing the case without prejudice." Id. at 350, 108 S.Ct. at 618 (footnote omitted). In that context we examine the state law issues presented in this case.
 
 III.
 
 20
 The Alabama Fair Dismissal Act was enacted in 1983 and provides the procedures for "terminating the employment of a full-time nonteacher or non-classified school system employee...." Bolton v. Bd. of School Comm'rs, 514 So.2d 820, 822 (Ala.1987); see also Ala.Code §§ 36-26-100 to 108 (1987). The Act's purpose is "to provide non-teacher employees a fair and swift resolution of proposed employment terminations." Bolton, 514 So.2d at 824.
 
 
 21
 The Alabama Act "is not a model of legislative clarity." Washington v. Bessemer Bd. of Educ., 547 So.2d 888, 891 (Ala.Civ.App.1989). The provisions of the Act specifically at issue in this case provide:
 
 
 22
 [§ 36-26-105.] An appeal of the decision of the employing board may be filed by the employee within 15 days of receipt of the board's decision.... [T]he employing board and the employee may ... select a panel of three persons, one selected by the employing board, and another selected by the employee and a third agreed upon by the two parties listed hereinabove which shall constitute an employee review panel to hear the employee's appeal. If there is no agreement on the selection of a third member within 10 days following the selection of the second member, the probate judge of the county in which the dispute originated shall submit the names of three individuals who are qualified electors of that same county who, in the probate judge's opinion, would be qualified through their experience and training to render a fair and impartial decision as the third member of the employee review panel.... From these three names, the employing board shall then strike the first name and the employee shall strike the second name with the person whose name remains becoming the third member of the employee review panel.
 
 
 23
 [§ 36-26-106.] Upon the employee review panel's selection to hear a case, the panel shall within 10 days establish a date, place, and time for the hearing to be conducted.... Upon the completion of the de novo hearing, the panel's decision must be rendered within 45 days.... In making its decision, the panel shall consider whether the action of the board or its administrative staff was arbitrary or unjust or for political or personal reasons on the part of any member of the board or its staff and whether the board's action was warranted based upon the facts of the case and the employment record of the employee. The decision of the panel shall be final and binding upon the parties.
 
 
 24
 Ala.Code §§ 36-26-105 and -106 (emphasis added). The statute does not specify whether "extrajudicial knowledge" of the dispute by one or both of the two party-appointed panel members "fatally taints" the panel's proceedings, whether mandamus is the appropriate means of enforcing a panel's decision, whether the panel must make specific findings of fact, or whether, in the absence of such findings, a new panel must be appointed to make such findings of fact. Therefore, it is necessary to look to cases interpreting the statute for guidance with respect to those questions.
 
 
 25
 The district court held--with no citation to supporting authority--that extrajudicial knowledge by one of the party-appointed panelists "fatally taints" the proceedings. The issue apparently is one of first impression under Alabama law. The statute itself does require that the three persons from whom the third panel member is to be chosen are to be persons "qualified ... to render a fair and impartial decision." Ala.Code § 36-26-105 (emphasis added). However, the statute contains no such qualifying language for the party-appointed panel members.
 
 
 26
 Several Alabama cases involving the Act refer to the third non party-appointed panel member as the "neutral" member of the panel, thus perhaps suggesting that the other two members may not need to be neutral. See, e.g., Ex parte Holifield, No. 89-984, 1991 WL 32273, at * 1 (Ala. Feb. 15, 1991) ("neutral member and chairman of the review panel"); Hutchinson v. Alabama Inst. for Deaf & Blind, 578 So.2d 1305, 1306 (Ala.Civ.App.1990) ("selection of a third, neutral panel member"), rev'd on other grounds sub nom. Ex parte Alabama Inst. for Deaf & Blind, 578 So.2d 1308 (Ala.1991). But see Ledbetter v. Jackson County Bd. of Educ., 508 So.2d 244, 246 (Ala.1987) (an employee's entitlement to "present her position before the neutral decision-making body for which the Act provides."). Also, in Lozano v. Maryland Casualty Co., 850 F.2d 1470, 1472 (11th Cir.1988), cert. denied, 489 U.S. 1018, 109 S.Ct. 1136, 103 L.Ed.2d 197 (1989), a case involving a three-member arbitration panel provided for in an insurance agreement, this Court wrote that "an arbitrator appointed by a party is a partisan only one step removed from the controversy and need not be impartial." But no decision of this Court or seemingly of any Alabama Court clearly answers the question of whether the employer and employee representatives on the arbitration panel herein should be neutral.
 
 
 27
 Another difficult issue of state law presented in this appeal concerns the extent to which the review panel must make findings of fact. In Birmingham Bd. of Educ. v. Holifield, No. Civ. 7249, at * 1, 1991 WL 128482 (Ala.Civ.App. July 5, 1991), on remand from the Supreme Court of Alabama, the Court of Civil Appeals of Alabama noted that, "while the panel made no specific findings, presumably it determined that the decision by the Board to terminate the employee was simply not warranted...." Id. In Marshall County Board of Education v. State Tenure Commission, 291 Ala. 281, 280 So.2d 130, 137 (1973), the Supreme Court of Alabama construing the Alabama Teacher Tenure Act, held that "it is imperative that some specificity be given by the Commission to support its reversal of the findings of the only trier of facts, the Board of Education.... [p] [W]e must insist on some reasonable statement based on the evidence of reasons for overturning the action of the Board."
 
 
 28
 Although Alabama's Teacher Tenure Act and Fair Dismissal Act are similar in language, purpose, and effect, we cannot be certain that the Alabama Supreme Court would necessarily impose the same factfinding requirements on an employee review panel--which has the power of de novo review--as it has upon the Teacher Tenure Commission--which seemingly does not have de novo review power. See Marshall County, 280 So.2d at 133. In any event, the Supreme Court of Alabama concluded that the proper remedy for the Commission's failure to find facts was remand to the Commission with instructions to make sufficient findings of fact.
 
 
 29
 The district court in this case also stated that "[t]he termination and reinstatement at issue in this case are not ministerial acts subject to a writ of mandamus," citing Harris v. Birmingham Bd. of Educ., 817 F.2d 1525, 1526 (11th Cir.1987). In Harris, in the context of determining whether a state cause of action for mandamus was properly removable to the federal court, this Court stated that "[r]einstatement of an employee terminated in violation of procedural due process is not a ministerial act subject to a writ of mandamus. Cf. Gaines v. Thompson, 74 U.S. (7 Wall.) 347, 19 L.Ed. 62 (1869)." Id. In Harris, this Court was not called upon to address--nor did it address--the appropriateness of mandamus under Alabama law as a remedy for alleged violations of an Alabama statute such as the Fair Dismissal Act. Under Alabama law, " '[m]andamus will be granted only when there is a clear, specific legal right shown for the enforcement of which there is no other adequate legal remedy'.... 'The right sought to be enforced by mandamus must be clear and certain with no reasonable basis for controversy about the right to relief'.... [But if] 'judgment or discretion is abused, and exercised in an arbitrary or capricious manner, mandamus will lie to compel a proper exercise thereof.' " Goolsby v. Green, 431 So.2d 955, 958-59 (Ala.1983), quoting Campbell v. City of Hueytown, 268 So.2d 3, 4 (Ala.1972), McDowell-Purcell, Inc. v. Bass, 370 So.2d 942, 944 (Ala.1979). The Alabama courts have granted mandamus requiring an employer--school board--to act in accordance with what an employee alleged was his or her right under the Fair Dismissal Act. See Washington v. Bessemer Bd. of Educ., 547 So.2d 888 (Ala.Civ.App.1989); Bolton v. Bd. of School Comm'rs. of Mobile County, 514 So.2d 820 (Ala.1987).
 
 
 30
 It is in the context of the present state of Alabama law with regard to the state law issues presented in this appeal--namely neutrality vel non of the panel members designated respectively by the employer and the employee; the need for the panel to make specific findings of fact; and the availability of mandamus relief--that this Court reaches the issue of exercise of pendent jurisdiction by the federal district court.
 
 IV.
 
 31
 Both parties argue that the district court did not abuse its discretion in reaching and determining the pendent state law claims. Hardy argues that the district court's consideration of those issues furthered the statutory goal of providing a fair and swift resolution of a proposed employment termination. However, Hardy also argues that the district court failed to apply controlling Alabama law with regard to the appropriateness of mandamus as a remedy and with regard to the proper remedy for the panel's failure to make specific findings of fact. While Hardy concedes that the issue of extrajudicial knowledge on the part of a panel member appears to be a case of first impression, he argues nonetheless that the issue is not so novel as to make it advisable for a federal court to refrain from acting so as to enable a state court to determine those issues. The Board, on its part, argues that the district court's conclusions of law were correct and should be affirmed by this Court.
 
 
 32
 It is, of course, true that a remand at this time to the state court will cause some delay. That is unfortunate. But the negative effect of such delay is outweighed by the beneficial effect of permitting an Alabama state court to determine the proper interpretation to be given to an Alabama statute which is far from clear on its face, or under Alabama case law.
 
 
 33
 State courts, not federal courts, are the final expositors of state law. See, e.g., England v. Louisiana Medical Examiners, 375 U.S. 411, 415, 84 S.Ct. 461, 464, 11 L.Ed.2d 440 (1964) (federal abstention doctrine recognizes the "role of state courts as the final expositors of state law"); United Gas Pipe Line Co. v. Ideal Cement Co., 369 U.S. 134, 135, 82 S.Ct. 676, 677, 7 L.Ed.2d 623 (1962) (per curiam) ("The interpretation of state law by the Court of Appeals, in an opinion by its Alabama member, was rendered in advance of construction of the [statute] by the courts of the State, which alone, of course, can define its authoritative meaning.").
 
 
 34
 In this case, in which the state law issues are of importance, a remand of those questions to the Circuit Court of Jefferson County, Alabama, will enable appellant, seemingly without being subject to problems such as limitations, see Carnegie Mellon University, supra 484 U.S. at 351-52, 108 S.Ct. at 619, to pursue his state law claims in that state court. In that context and in the absence of any issues of federal law, and with no federal subject matter jurisdiction other than pendent jurisdiction being present, pendent jurisdiction may not be exercised by a federal court. Accordingly, we hereby remand this case to the district court with instructions first to dismiss, with prejudice, all of Hardy's federal law contentions and then to remand this case, with all of appellant's state law contentions extant, to the Circuit Court of Jefferson County, Alabama.
 
 
 35
 REVERSED and REMANDED with instructions.
 
 
 
 *
 Honorable Frank A. Kaufman, Senior U.S. District Judge for the District of Maryland, sitting by designation
 
 
 [1]
 The other appellees are members of the Board
 
 
 [2]
 On September 21, 1988, when Hardy met with the Board's Director of Operation and Maintenance, the director told Hardy that he and the school principal were concerned that Hardy was not properly performing his job duties. At that meeting, Hardy signed a letter of resignation that had been prepared by the director. Hardy then went to his local union headquarters and met with Sarah Summerville, the local union representative. Hardy explained the allegations made by his supervisors and his responses to those allegations. Summerville advised Hardy that Hardy had several days in which to rescind his resignation if Hardy desired to do so. Hardy drafted a letter rescinding his resignation, which a union employee typed and Hardy signed. Summerville delivered that letter addressed to the Birmingham City School Superintendent and briefly discussed with the Superintendent the contents of the letter. Having rescinded his resignation, Hardy continued to work as head custodian at Fairview until February, 1989
 
 
 [3]
 The statutory provision reads as follows:
 [T]he employing board and the employee may ... select a panel of three persons, one selected by the employing board, and another selected by the employee and a third agreed upon by the two parties listed hereinabove which shall constitute an employee review panel to hear the employee's appeal.
 Ala.Code § 36-26-105 (1987).
 
 
 [4]
 The statute prescribes the characteristics which the probate judge is directed to consider in selecting the three names to be submitted:
 [T]he probate judge of the county in which the dispute originated shall submit the names of three individuals who are qualified electors of that same county who, in the probate judge's opinion, would be qualified through their experience and training to render a fair and impartial decision as the third member of the employee review panel.
 Ala.Code § 36-26-105 (1987).
 
 
 [5]
 Birmingham is in Jefferson County
 
 
 [6]
 On September 19, 1989, before the Board had been served with Hardy's state court petition, the Board's counsel responded to the panel's August 14, 1989 letter and stated that the letter did not adequately respond to the Board's objections to the panel's decision. In addition, the Board's counsel reiterated that "the Board is not required to reinstate Mr. Hardy and he will not be reinstated."
 
 
 [7]
 Although the Board based its challenge to Summerville's failure to recuse herself on both federal constitutional and state law grounds, the district court did not specify the legal basis for its determination. The Board, however, in one of its briefs filed in this appeal, states that the district court "implicitly rejected defendants' constitutional due process claim."