**BOCA CIEGA HOTEL, INC., a Florida corporation, Barry Jones and Brenda Jones, individuals and d/b/a All Suites Motel, and John Jones, an individual, Plaintiffs,**

v.

**BOUCHARD TRANSPORTATION CO., INC., a New York corporation, Maritrans Operation Partners, L.P., a foreign limited partnership, Tug Capt. Fred Bouchard Corp., a New York corporation, Barge B 155 Corp., a New York corporation, Jose A. Salamanca, an individual, Pepito C. Amora, an individual, and Thomas Baggett, an individual, Defendants.**

No. 93–1616–Civ–T–17C.

United States District Court,
M.D. Florida,
Tampa Division.

Feb. 18, 1994.

Dominick Joseph Graziano, Hearne, Graziano, Nader & Buhr, P.A., Tampa, FL, Robert W. Mills, Law office of Robert W. Mills, San Rafael, CA, for Boca Ciega Hotel, Inc., Barry G. Jones, Brenda Louise Jones and John Jones.

Carl R. Nelson, Fowler, White, Gillen, Boggs, Villareal & Banker, P.A., Nathaniel G.W. Pieper, David W. McCreadie, Lau, Lane, Pieper & Asti, P.A., Tampa, FL, for Bouchard Transp. Co., Inc.

Robert Bruce Parrish, Taylor, Moseley & Joyner, P.A., Jacksonville, FL, Nathaniel G.W. Pieper, David W. McCreadie, Lau, Lane, Pieper & Asti, P.A., Tampa, FL, for Maritrans Operating Partners L.P.

Carl R. Nelson, Fowler, White, Gillen, Boggs, Villareal & Banker, P.A., Tampa, FL, for Tug Captain Fred Bouchard Corp. and Barge B 155 Corp.

## ORDER ON MOTIONS

KOVACHEVICH, District Judge.

Plaintiffs, for and on behalf of all others similarly situated, brought this action for oil pollution pursuant to the Oil Pollution Act of 1990 (33 U.S.C. § 2701, et seq.). This action also includes state law claims for oil pollution brought under Florida Statutes § 376.011, et seq., including claims for strict liability for causing a condition of pollution, prohibited discharges, and ultrahazardous activity.

Plaintiffs seek, on behalf of the members of each Class, interest, costs, attorneys fees, and other damages suffered as a result of the discharge of oil or pollutants into or upon the navigable waters or adjoining shorelines of Tampa Bay which occurred as a result of the collision between the vessels Barge Ocean 255, M/V Balsa 37, and Barge B 155 on August 10, 1993.

The original complaint in this action was filed on September 16, 1993 (Docket # 1), with an Amended Complaint filed on December 23, 1993 (Docket # 27). The suit contains eight counts: (1) violation of the Oil Pollution Act of 1990; (2) violation of the Florida Pollutant Spill Prevention and Control Act; (3) negligence; (4) gross negligence; (5) statutory strict liability for causing a condition of pollution; (6) statutory strict liability for prohibited discharges; (7) common law strict liability for ultrahazardous activity; and (8) private nuisance. Plaintiffs assert federal jurisdiction on the basis of federal question jurisdiction and diversity jurisdiction.

This action is before the Court on the following Motions and Responses:

1. Defendant Maritrans' motion to dismiss Plaintiffs' complaint or, in the alternative, motion for summary judgment as to condition precedent and jurisdiction and memorandum in support. (Docket # 12)

2. Defendant Bouchard's motion to dismiss Plaintiffs' complaint or, in the alternative, motion for summary judgment as to condition precedent and jurisdiction and memorandum in support. (Docket # 13)

3. Defendant Maritrans' amended motion to dismiss Plaintiffs' complaint or, in the alternative, motion for summary judgment as to condition precedent and jurisdiction and memorandum in support. (Docket # 14)

4. Defendant Bouchard's amended motion to dismiss Plaintiffs' complaint or, in the alternative, motion for summary judgment as

to condition precedent and jurisdiction and memorandum in support. (Docket # 19)

5. Defendant Maritrans' amendment to amended motion to dismiss Plaintiffs' complaint or, in the alternative, motion for summary judgment as to condition precedent and jurisdiction and memorandum in support. (Docket # 20)

6. Memorandum in opposition to Defendants' motions to dismiss or, in the alternative, motions for summary judgment. (Docket # 21)

## DISCUSSION

### I. OIL POLLUTION ACT

The federal statutory violation alleged by Plaintiffs goes to the Oil Pollution Act of 1990, 33 U.S.C. § 2701, et seq. ("OPA"). Under the OPA, the tanker, vessel, or facility that actually discharges oil is strictly liable to pay for removal costs and damages that result from an actual or threatened discharge of oil. The OPA provides that all claims for damages shall be presented first to the party responsible for the spill. See 33 U.S.C. § 2713(a). If a claim is presented to the responsible party and each person to whom the claim is presented denies all liability for the claim *or* (emphasis supplied by court) the claim is not settled by any person by payment within 90 days after the date upon which: (A) the claim was presented, or (B) advertising was begun designating the source of the discharge or threat and the procedures by which claims may be presented [See 33 U.S.C. § 2714(b) ], whichever is later, the claimant may [then] elect to commence an action in court against the responsible party or guarantor or to present the claim to the [Oil Spill Liability Trust] Fund. See 33 U.S.C. § 2713(c). If an unpaid claimant elects to commence an action against the responsible party, such an action may be brought in the United States district court where venue is proper. See 33 U.S.C. § 2717(b).

In *Johnson v. Colonial Pipeline Co.*, 830 F.Supp. 309 (1993), the court held that if the plaintiffs fail to comply with the prerequisites for bringing such a claim, the OPA claim must be dismissed. See *Hallstrom v. Tilla-mook County*, 493 U.S. 20, 31, 110 S.Ct. 304, 311, 107 L.Ed.2d 237 (1989) (plaintiff's failure to comply with Resource Conservation and Recovery Act's 60–day notice and presentation requirement mandates dismissal of case).

Plaintiffs cite the language of the Resource Conservation and Recovery Act ("RCRA") and distinguish it from the language used in the OPA. They offer the language of the RCRA as clearly establishing a condition precedent before a claim may be filed. They further contend that based on Congress' adoption of this particular language in the RCRA, Congress would have utilized the same language had it intended for the same condition precedent to be established in the OPA. The Plaintiffs therefore contend that the *Colonial Pipeline* court's reliance on the reasoning in *Hallstrom* was misplaced.

This court finds the issue of whether identical language was used in both the RCRA and OPA immaterial in light of (1) clearly established canons of statutory interpretation and (2) the legislative intent of the statutes.

■ It is a familiar canon of statutory construction that the starting point for interpreting a statute is the language of the statute itself. *Consumer Product Safety Commission v. GTE Sylvania, Inc.*, 447 U.S. 102, 108, 100 S.Ct. 2051, 2056, 64 L.Ed.2d 766 (1980). Rather than looking to outside interpretive aids, this Court examines the language of the OPA itself. The OPA's claims procedure as noted above at 33 U.S.C. § 2713 is plain on its face. Section 2713(a) of Title 33 clearly establishes a condition precedent: All claims for removal costs or damages *shall* be presented first to the responsible party or guarantor.

■ In ruling on a motion to dismiss, the trial court is required to view the complaint in the light most favorable to plaintiffs. *Scheuer v. Rhodes*, 416 U.S. 232, 236, 94 S.Ct. 1683, 1686, 40 L.Ed.2d 90 (1974). This precedent was followed in the case of *Colodny v. Iverson, Yoakum, Papiano & Hatch*, 838 F.Supp. 572 (1993). This Court accepts the facts of the Plaintiffs' complaint as true for the purpose of a motion to dismiss. *Loewer v. New York Life Insurance Co.*, 773

F.Supp. 1518, 1519 (M.D.Fla.1992). However, the Plaintiffs do not allege, in either their complaint or in their memorandum in opposition to Defendants' motions to dismiss or, in the alternative, motions for summary judgment, that they presented their claims to the responsible parties prior to commencing litigation. Plaintiffs filed this suit on September 16, 1993, without having first presented a claim to the Defendants in this case.

The legislative intent of the notice provisions embodied in the OPA and the RCRA, 90–days and 60–days respectively, as well as CERCLA's 60–day provision (the Comprehensive Environmental Response, Compensation, and Liability Act) as cited in Plaintiffs' memorandum in opposition, is the same. The purpose of the claim presentation procedure is to promote settlement and avoid litigation. Therefore, in drafting the OPA, Congress mandated a 90–day period in which the parties would attempt to resolve monetary disputes arising from oil spills prior to commencing litigation. *Johnson v. Colonial Pipeline Co.,* 830 F.Supp. 309 (1993). The hope was to avoid costly and cumbersome litigation. See 135 Cong.Rec. at H 7962, 7965 (statements of Rep. Hammerschmidt and Rep. Lent). However, it is only after the presentation requirement in 33 U.S.C. § 2713(a) is met that a claimant may proceed to 33 U.S.C. § 2713(c) which involves this 90–day period. If a claim has been presented to the responsible party or guarantor and the responsible party or guarantor denies all liability or the claim is not settled within 90 days after the presentation was made, or the advertising was begun, then the claimant may proceed to court or present the claim to the Fund.

Plaintiffs assert that Defendants failed to satisfy the advertising requirements of the OPA. Plaintiffs allege that the Defendants advertised the wrong address after the claims center had moved from 9815 Gulf Blvd. on Treasure Island to 7110 Gulf Blvd. on St. Petersburg Beach on August 25, 1993. Defendants submit that Plaintiffs had actual notice of the correct address, as representatives for the potential class were present at a meeting at which the change was announced. Without determining the validity of that claim, this Court finds the Plaintiffs' claim without merit. The telephone and fax numbers remained the same. Had Plaintiffs chosen to submit claims to the claims center as required by the OPA, the move of the office would not have seriously impaired their efforts. In addition, it is noted that the new address was published in a newspaper article the day after the move.

Plaintiffs have thus never presented their claims as required by the OPA. Count I therefore must be dismissed.

## II. DIVERSITY JURISDICTION

Because this court lacks federal question jurisdiction under 28 U.S.C. § 1331, the supplemental state claims must be dismissed unless the plaintiffs can satisfy the requirements of diversity jurisdiction under 28 U.S.C. § 1332.

■ Complete diversity between all named plaintiffs and all defendants is required in a class action proceeding under 28 U.S.C. § 1331. *Snyder v. Harris,* 394 U.S. 332, 340, 89 S.Ct. 1053, 1058, 22 L.Ed.2d 319 (1969). This Court lacks diversity jurisdiction because a number of named plaintiffs, Boca Ciega Hotel, Inc., Barry Jones and Brenda Jones, individually, and d/b/a All Suites Hotel, and Defendant Thomas Baggett are citizens of the State of Florida.

Plaintiffs contend that although Defendant Thomas Baggett is a resident of the State of Florida, he is a nominal party in this action because he has virtually no assets to satisfy any judgment this Court might impose in this matter. Plaintiffs further argue that as a nominal and non-essential party, his participation in this case does not destroy diversity, citing *Stewart v. Baltimore & O.R. Co. No. 97* at 168 U.S. 45 (1897). However, this Court finds the case of *Southern Pac. R. Co. et al v. U.S.,* which appears at the given cite and does not find that that case relates to the issue of law at hand. Even assuming that the case Plaintiffs cite holds that federal court jurisdiction depends on real, rather than nominal parties, the case Plaintiffs cite must also specifically address this issue with respect to class actions.

Even if Defendant Thomas Baggett was a non-citizen of Florida, this court would still lack diversity jurisdiction. In a diversity case, each plaintiff (and each putative class member) must independently meet the amount in controversy requirement. *Czechowski v. Tandy Corp.*, 731 F.Supp. 406 (1990). Individual claims for damages cannot be aggregated in order to satisfy the amount in controversy. *Zahn v. International Paper Co.*, 414 U.S. 291, 94 S.Ct. 505, 38 L.Ed.2d 511 (1973). Plaintiffs have not alleged that each plaintiff (and putative class member) has suffered damages in excess of $50,000.00.

This Court therefore lacks diversity jurisdiction because a number of the Plaintiffs and Defendant Thomas Baggett are citizens of the state of Florida. Further, this Court lacks diversity jurisdiction because the Plaintiff fails to allege that each plaintiff and putative class member meets the amount in controversy requirement.

### III. STATE LAW CLAIMS

As Plaintiffs have failed to establish a basis for federal question jurisdiction under the Oil Pollution Act of 1990 or in diversity, the Court may decline to exercise its supplemental jurisdiction over the pendant state law claims. See 28 U.S.C. § 1367(c)(3). *Hardy v. Birmingham Board of Education,* 954 F.2d 1546, 1550 (1992) (Pendant jurisdiction is a doctrine of discretion, and need not be exercised in every case which it is found to exist). The Supreme Court has held that needless decisions of state law should be avoided both as a matter of comity and to promote justice between the parties. In doing so, a surer footed reading of the applicable law is procured. The Court goes on to say that if the federal claims are dismissed before trial, even though not insubstantial in a jurisdictional sense, the stated claims should be dismissed as well. *United Mine Workers of America v. Gibbs,* 383 U.S. 715, 86 S.Ct. 1130, 16 L.Ed.2d 218 (1966). Accordingly, it is

**ORDERED** that the motions to dismiss, or for summary judgment (Docket #s 12–14 and 19–20) be **granted,** all other pending motions be **denied,** as moot, and the Clerk of the Court be **directed** to enter judgment for the defendants for lack of jurisdiction.

**DONE and ORDERED.**