Mrs. Rogers and the Jefferson County Board of Education (county board) by the complaint sought a declaratory judgment against the State Board of Education (state board), Dr. Wayne Teague, as superintendent of the state board (Dr. Teague), the Department of Examiners of Public Accounts (examiners) and Mr. William W. Dillard, as chief examiner (Mr. Dillard).
Mrs. Rogers was a secretary at Shades Valley High School. The facts appeared in the complaint as follows:
FACTUAL SETTING
 3. Plaintiff Rogers was hired pursuant to contract by the Jefferson County Board of Education for the academic year commencing July 1, 1978. She reached mandatory retirement age on April 9, 1979. As part of her compensation for employment, she was entitled to a specified number of vacation days. Pursuant to personnel policy of the Jefferson County Board of Education, vacation time is not accumulative and should not be taken while school is in session.
 Beth Hall Rogers did not take vacation days which she had earned under her contract for employment which she earned and was entitled to during the period extending from July 1, 1978 to April 9, 1979.
ISSUE IN CONTROVERSY
 4. Plaintiff Rogers worked for the Jefferson County Board of Education under contract from July 1, 1978 to April 9, 1979. During this period, she earned approximately 11.5 vacation days. Since school was in session during most of this time, plaintiff Rogers did not take her vacation days. Ordinarily, she would be entitled to take these earned vacation days during the summer months extending from June 1 to August 30 while school was not in session. Since she reached mandatory retirement age on April 9, 1979, she could not carry forward these earned vacation days to the summer months.
 Plaintiff Jefferson County Board of Education requested permission from the Alabama Department of Examiners of Public Accounts to pay plaintiff Rogers for her earned vacation days. The Alabama Department of Examiners of Public Accounts has issued an opinion that the Department would disallow any payment to an employee for unused vacation under the circumstances of this case. (See APPENDIX B).
DEMAND FOR RELIEF
 5. Plaintiffs seek a declaratory judgment that Beth Hall Rogers is entitled to compensation for earned vacation days notwithstanding the existing policy of the Jefferson County Board of Education and Title 16-8-25, Code of Alabama (1975) which prohibits employees from taking vacation while school is in session.
Appendix B to the complaint was a letter from the examiner's legal counsel which included the following:
 It is my understanding that the personnel policy of the Jefferson County Board of Education states:
 `5. Vacation time is not accumulative. Employees are urged to take their vacation time each year as they will not be permitted to carry forward from year to year vacation time not used (the superintendent may make exceptions to this when the board requests an individual to work during vacation time in some particular year). Any exception must be approved by the board.'
 `7. Vacation schedules should be filed in the superintendent's office.
 Vacations are granted for the purpose of giving full-time employees a period *Page 237 
of rest and recreation. Vacations were never designed for the purpose of supplementing salaries.'
 In view of this policy, and since the employee was apparently not required to work during her vacation, it is my opinion that this Department would disallow any payment to the employee for unused vacation time.
The defendants filed motions to dismiss because the complaint failed to state a claim against the defendants upon which relief could be granted. The examiners' and Mr. Dillard's joint motion specifically contended that relief could not be granted because of the stated vacation policy of the county board. When the trial court granted those motions, the plaintiffs appealed.
Dr. Teague is not mentioned in the body of the complaint. The only reference to the state board is a general averment that they are empowered by the Code to control and supervise the public schools throughout the state, including county boards of education and their employees.
In addition to the allegations in said paragraph numbered 4 of the complaint, the averments against the examiners and Mr. Dillard are that they are authorized by § 41-5-6 of the Code of Alabama (1975) to supervise certain matters pertaining to county boards of education.
 We have held in Shadix v. City of Birmingham, 251 Ala. 610, 38 So.2d 851 (5), that the declaratory statutes do not empower courts to decide moot questions, abstract propositions, or to give advisory opinions, however convenient it might be to have these questions decided for the government of future cases.
 There must be a justiciable controversy between the parties where legal rights are thwarted or affected to warrant proceedings under the Declaratory Judgment statutes. Title 7, §§ 157, 159, 166, Code of Alabama 1940. Alabama Independent Service Station Ass'n v. McDowell, 242 Ala. 424, 6 So.2d 502 (3).
Town of Warrior v. Blaylock, 275 Ala. 113, 152 So.2d 661
(1963).
There is no justiciable controversy between Mrs. Rogers and these four defendants. The controversy is occasioned by the vacation policy of the county board, one of the plaintiffs. The justiciable controversy, if any, is between the two plaintiffs. None of the defendants could be ordered to pay such vacation compensation to Mrs. Rogers and neither could the defendants change the policy of the county board. Only the county board would be subject to such an order of payment or possess the authority to alter its vacation policy. "The court may refuse to enter a declaratory judgment where such judgment, if entered, would not terminate the uncertainty or controversy giving rise to the proceeding." § 6-6-229, Code of Alabama (1975).
 Actions for declaratory judgments brought by individuals to test or challenge the propriety of public action often fail . . . because the public officer or other person selected as a defendant has no special interest to oppose the complaint or no special duties in relation to the matters which would be affected by any eventual judgment. The absence of adversary or the correct adversary parties is in principle fatal. A mere difference of opinion or disagreement or argument on a legal question affords inadequate ground for invoking the judicial power.
Borchard, Declaratory Judgments, 2d Ed., at 76 (1941).
While motions to dismiss must be sparingly utilized in disposing of actions for declaratory judgments, the trial court correctly granted the respective motions of the defendants to dismiss the complaint. We affirm.
The foregoing opinion was prepared by retired circuit judge Edward N. Scruggs while serving on active duty status as a judge of this court under the provisions of § 12-18-10 (e) of the Code of Alabama (1975). His opinion is hereby adopted as that of the court.
AFFIRMED.
All the Judges concur. *Page 238