This case arises from a denial by the Jefferson County Personnel Board of plaintiff's request for injury-with-pay leave. The plaintiff, Cleveland B. Jones, is a deputy sergeant with the Jefferson County Sheriff's Department.
Jones injured his back while on duty as a sergeant on July 4, 1984. Following the injury, Jones underwent surgery and was required to take leave from work. Jones, alleging that his injury was sustained at work, petitioned for injury-with-pay leave pursuant to Rule 7.24 of the Jefferson County Personnel Board Rules and Regulations.
After a hearing the Personnel Board denied Jones's request. One hundred and twenty days later, Jones petitioned the Jefferson County Circuit Court for a writ of mandamus. A trial was held, and the court granted Jones's petition and ordered the Personnel Board and its director to award Jones injury-with-pay leave.
At the outset, we note that a statutory appeal is provided for from a personnel decision involving disciplinary actions, including demotions and suspensions. Civil Service Enabling Act, § 22, 1945 Ala. Acts 248, amended by 1977 Ala. Acts 679.
This case, however, does not involve any disciplinary action. Consequently, there is no statutory right of appeal.See, 1945 Ala. Acts 248, as amended, 1977 Ala. Acts 679. We recognize that the legislature may properly limit the right to appeal. Ex parte Smith, 394 So.2d 45
(Ala.Civ.App. 1981). In cases such as this one, where a statute "provides no right of appeal or statutory certiorari, the common law writ of certiorari is the only available means of review." Smith, supra.
Consequently, the common law writ of certiorari, not mandamus, was the proper vehicle for review of the Board's decision by the circuit court. This issue, however, not being raised at trial nor presented to us on review, may not be considered on appeal. Rule 28(a)(3), Alabama Rules of Appellate Procedure; see also, Mitchell v. State,450 So.2d 140 (Ala.Civ.App. 1984).
Thus, the dispositive issue on appeal to this court becomes whether the circumstances satisfied the requirements necessary for the issuance of the writ of mandamus. We find that it did not.
Mandamus may issue to compel an exercise of a governmental authority's discretion. Gardner v. Stevens, 269 Ala. 213, 111 So.2d 904 (1959). However, mandamus is clearly an extraordinary writ that will not lie to review, revise, or control "the exercise of discretion reposed in administrative or other governmental bodies." Alabama State TenureCommission v. Mountain Brook Board of Education,343 So.2d 522 (Ala. 1977).
Simply stated, mandamus, although it will lie to compel an exercise of discretion, will not lie to compel the exercise of discretion in a particular manner absent an abuse of that discretion. Ex parte Sides, 501 So.2d 1259
(Ala.Cr.App. 1985), rev'd on other grounds,501 So.2d 1262 (Ala. 1986).
Pursuant to its Rule 7.42, the Personnel Board is authorized, but not required, to award injury-with-pay leave. The Board, following a hearing on the matter, exercised its discretion and denied Jones's leave request.
Because the Board exercised its discretion and mandamus cannot issue to compel its exercise in a particular manner, the circuit court was limited to an examination of whether the Board abused its discretion in denying Jones's leave request. In reaching this determination, the court was restricted "to a review of the action of the Board upon the record before the Board." Barnes v. State ex rel.Ferguson, 274 Ala. 705, 151 So.2d 619 (1963). In other words, "the trial court could consider only evidence that was presented to the Board. . . ." Barnes, supra.
We have examined the record and find no "doctor's certificate setting forth the nature and extent of the injury and the probability of disability." Jefferson County Personnel Board Rules and Regulations, Rule 7.24, Injurywith Pay Leave. *Page 617 
Jones, therefore, never even met the basic Personnel Board requirements for injury-with-pay leave. Consequently, the Board properly denied Jones's request. We note that an additional medical affidavit was subsequently filed with the circuit court. However, the court's review was limited to the record made before the Board. Barnes, supra. On that record, we find no abuse of discretion.
The writ, therefore, being improvidently granted, we reverse and remand for entry of an order consistent with this opinion.
REVERSED AND REMANDED WITH INSTRUCTIONS.
HOLMES and INGRAM, JJ., concur.