This is a consolidated appeal from the granting of a motion for summary judgment in favor of Charles W. Britnell and Northwest Alabama Junior College (college). Roe M. Hughes and William H. Halcomb (employees) brought this appeal after the circuit court held that the employees' action was barred by laches. The employees had petitioned the circuit court for a writ of mandamus after a review panel had issued a final decision regarding the employees' continued employment at the college. The review panel issued its decision pursuant to the Fair Dismissal Act, Ala. Code 1975, §§ 36-26-100 through -108, enacted in 1983 to provide dismissal procedures for certain defined nonteacher employees in certain school systems and institutions.
The dispositive issue on appeal is whether the trial court erred in granting summary judgment in favor of Britnell and the college. In other words, was there any evidence which would excuse the over eighteen-month delay by the employees in bringing their actions in the circuit court? *Page 1042 
At the outset we note that on appeal from a grant of summary judgment, this court cannot consider facts not before the circuit court. Purvis v. PPG Industries, Inc., 502 So.2d 714
(Ala. 1987). The reviewing court must look to the same factors considered by the trial court in its ruling on the motion, and the judgment of the trial court will be upheld if the court's holding is correct. Lowe v. East End Memorial Hospital,477 So.2d 339 (Ala. 1985). Applying that standard to the facts revealed by the record, we cannot find anything that would have provided an excuse for the employees' delay of over eighteen months. The circuit court properly concluded that there was no genuine issue as to whether an excuse could be established by the employees. Thus, we hold that the granting of the motion for summary judgment was a proper exercise of the court's discretionary power to apply the doctrine of laches.
The pertinent facts reveal that the employees were maintenance workers at the college. On August 1, 1986, Britnell, the president of the college, sent letters to the employees, advising them that they would be terminated as of August 31, 1986, due to a proration of approximately five percent (5%) of the allocations for the fiscal year 1985-1986.
Both employees appealed their terminations pursuant to the Fair Dismissal Act. A statutory employee review panel was selected and heard the employees' appeal. On November 10, 1986, the panel rendered its decision. With regard to Hughes, the panel decided to reduce his hours. With regard to Halcomb, the panel decided that he would be offered a position of employment with reduced hours if Hughes and another dismissed employee did not accept the position. The other dismissed employee accepted the position, and Halcomb was never re-employed by the college.
On May 20, 1988, over eighteen months after the panel's decision, the employees filed their respective complaints and writs of mandamus with the circuit court.
The trial court granted Britnell's and the college's motions for summary judgment after finding that the actions were barred by laches.
The Alabama Supreme Court has stated that "the overall purpose of the 'Fair Dismissal Act,' . . . [is] to provide nonteacher employees a fair and swift resolution of proposed employment terminations." Bolton v. Board of SchoolCommissioners of Mobile County, 514 So.2d 820, 824 (Ala. 1987) (emphasis added); see also Washington v. Bessemer Board ofEducation, 547 So.2d 888 (Ala.Civ.App. 1989). Thus, we hold that a litigant may not, without excuse, delay the proceedings without running the risk of having the action barred by laches.
In other situations, this court has found that an unexcused delay would constitute laches. For instance, in the cases applying the Teacher Tenure Act, this court has made clear that a lengthy, unexplained delay would cause the action to be barred by laches. See, e.g., Burks v. Alabama State TenureCommission, 380 So.2d 901 (Ala.Civ.App. 1980) (seven-month delay unreasonable and, therefore, claim barred by laches); AlabamaState Tenure Commission v. Board of School Commissioners ofMobile County, 378 So.2d 1142 (Ala.Civ.App. 1979) (three-month delay in seeking writ of mandamus was unreasonable, and thus, the writ was barred by laches).
In light of the above-cited cases and a review of the record before the circuit court, we cannot hold that the circuit court's decision was error where there was a delay of over eighteen months, without any evidence of an excuse for the delay, and the court held that such caused the action to be barred by laches.
This case is before us as an appeal from the summary dismissal of a writ of mandamus. We wish to emphasize that since there is no provision for appeal from a panel decision under the Fair Dismissal Act, the proper vehicle for review to the circuit court is by a writ of certiorari. Fields v. Stateex rel. Jones, 534 So.2d 615 (Ala.Civ.App. 1987); Ex parteSmith, 394 So.2d 45 (Ala.Civ.App. 1981). From a decision by the circuit court on the writ of *Page 1043 
certiorari, review to this court would be on an appeal.Fields, 534 So.2d 615.
For a complete review of the proper procedure to be followed in these cases, see Fields, 534 So.2d 615.
This court, finding no error in the trial court's decision, hereby affirms.
AFFIRMED.
INGRAM, P.J., and ROBERTSON, J., concur.