THIGPEN, Judge.
Stella T. Johnson began her employment with Lawson State Jr. College (appellee) in 1977. She sought approval for one year’s professional leave to pursue her master’s degree. The leave was approved as professional leave without pay until May 31,1983. At that time, Johnson requested educational leave for the 1983-84 school year, which was approved. At the end of that time, Johnson requested to return to work. Lawson State responded that Johnson could not return to work without producing the requested credentials to evidence her completion of the master’s degree work during the professional leave period, and a statement from her doctor attesting to her medical fitness to return to work. Subsequently, Johnson filed this action seeking reinstatement, back pay, and monetary damages. The trial court determined that Johnson was entitled to a due process hearing. After a hearing, the Fair Dismissal Panel found that Johnson is due to be offered the next available position for which she is qualified and denied back pay benefits. The trial court determined that by statute, the decision of the Fair Dismissal Panel is final and binding on the parties and denied Johnson any other relief. From that, Johnson appeals.
The dispositive issue raised by Johnson in this appeal is whether the trial court *866 committed error by upholding the decision of the Fair Dismissal Panel.
The trial court correctly held that the decision of the Fair Dismissal Panel is, under Code of Ala.1975, § 36-26-106, binding on the parties.
With regard to Johnson’s claim that her constitutional right to due process was violated, a review of the record indicates that there is no evidence that Lawson State ever denied Johnson her right to a hearing. The trial court’s decision that Lawson State never denied Johnson a hearing is also due to be upheld.
In light of the above and the attendant presumption of correctness accompanying the trial court’s judgment on issues of fact, Gaston v. Ames, 514 So.2d 877 (Ala.1987), we find no abuse of discretion by the trial court in its judgment upholding the decision of the Fair Dismissal Panel. As a result, this judgment is due to be affirmed.
AFFIRMED.
ROBERTSON, P.J., and RUSSELL, J., concur.