ON APPLICATION FOR REHEARING FOLLOWING OPINION ON REMAND FROM SUPREME COURT
This court's opinion of May 31, 1991, is withdrawn and the following is substituted therefor.
The prior judgment of this court has been reversed and the cause remanded by the Supreme Court of Alabama. On remand to this court, and in compliance with the Supreme Court's opinion of February 15, 1991, 604 So.2d 420 (Ala. 1991), the judgment of this court is set aside.
The facts in this case are sufficiently presented in our original opinion of February 14, 1990, 604 So.2d 418, and we decline to repeat them here.
In accordance with the instructions of the Supreme Court, we affirm the trial court as to the issue of jurisdiction. There are three issues raised by the Birmingham Board of Education (Board) remaining for our review: (1) Whether the employee review panel exceeded the scope of its jurisdiction by rendering a different decision than that of the Board regarding Holifield's punishment; (2) Whether the trial court erred by refusing to enter a writ of certiorari setting aside the employee review panel's decision; and (3) Whether the trial court erred by holding that the employee review panel could substitute its judgment for that of the Board, the Board contending that the panel usurped the Board's constitutionally authorized duty to make such decisions.
Ala. Code 1975, § 36-26-106, a part of the Fair Dismissal Act, provides for a hearing process which includes a de novo hearing before an employee review panel. Specifically, § 36-26-106
states:
 "In making its decision, the panel shall consider whether the action of the board or its administrative staff was arbitrary or unjust . . . and whether the board's action was warranted based upon the *Page 424 
facts of the case and the employment record of the employee."
The Board argues that the scope of the panel's de novo review is limited, given that it must consider the Board's decision in accordance with § 36-26-106. Further, the Board argues that the terms directing the scope and extent of the panel's review preclude it from substituting its wisdom for that of the Board. We disagree.
While the Fair Dismissal Act may not be a model of legislative clarity, § 36-26-106 makes at least four things perfectly clear: (1) the panel's review is de novo, (2) the panel considers whether the Board's actions were arbitrary, (3) the panel considers whether the Board's actions were warranted based on the facts of the case and the employment record of the employee, and (4) the panel's decision is binding.
When this court construes a statute, it has a duty to ascertain the legislative intent expressed in the statute. This intent may be gleaned from the language used, the reason and necessity for the act, and the purpose sought to be obtained.Tin Man Roofing Co. v. Birmingham Board of Education,536 So.2d 1383 (Ala. 1988).
In the instant case, while the panel made no specific findings, presumably it determined that the decision by the Board to terminate the employee was simply not warranted, given the specific facts of the case, but that some punishment was in order. We do not find that the employee review panel's decision to reverse the Board's termination of Holifield and to modify his punishment defeats the purpose of the statute or that it defeats the legislative intent. Even if the panel's jurisdiction were limited to a consideration of the propriety of the decision to terminate, as the Board would have us hold, the panel could have still determined that termination was inappropriate. We hold that it is well within the discretion of the panel, given the language of the statute, to modify the punishment handed down by the Board when the facts do not support the Board's decision.
The next issue for our review is whether the trial court erred by refusing to set aside the employee review panel's decision pursuant to certiorari review. Since we have held that the panel's judgment complied with § 36-26-106, the trial court properly refused to set aside the panel's decision.
Finally, the Board maintains that the trial court erred by holding that the employee review panel could substitute its judgment for that of the Board, because, the Board argues, the panel usurped the Board's constitutionally authorized duty to make such decisions. We do not agree. The overall purpose of the Fair Dismissal Act is to provide nonteacher employees a fair and swift resolution of proposed employment terminations.Bolton v. Mobile City Board of School Commissioners,514 So.2d 820 (Ala. 1987). It is the role of the employee review panel to ensure that the dismissal procedure is constitutional, and this role is particularly important when there are questions, as there apparently were in the instant case, as to the appropriateness of the Board's judgment.
In view of the foregoing, the application for rehearing is overruled, and the judgment of the trial court is hereby affirmed.
ON REMAND OPINION OF MAY 31, 1991, WITHDRAWN; OPINION SUBSTITUTED; APPLICATION OVERRULED; AFFIRMED ON REMAND.
RUSSELL, J., concurs.
ROBERTSON, P.J., concurs specially.