YATES, Judge.
These two cases were consolidated for consideration by this court. The plaintiffs are *280 former non-certified employees of the Birmingham Board of Education (Board).. They brought a declaratory judgment action seeking a determination that the policy the Board passed that resulted in termination of their employment was not legally binding. The trial court granted summary judgment for the Board, and the plaintiffs appeal.
We begin by recognizing that the standard of review for summary judgment is the same as that for granting the motion. We must determine whether a genuine issue of material fact exists and, if no such issue exists, whether the movant was entitled to a judgment as a matter of law. Olympia Produce Co. v. Associates Financial Services of Alabama Inc., 584 So.2d 477 (Ala.1991). We note that the plaintiffs themselves filed the motion for summary judgment, contending there was no genuine issue of material fact. After reviewing the undisputed evidence in the light most favorable to the plaintiffs, we find that the trial court made correct conclusions of law and properly disposed of the issues on motion for summary judgment.
The dispositive issues raised in these appeals are: 1) whether the Board’s action resulting in the plaintiffs’ employment termination violated the provisions of § 16-11-18, Ala.Code 1975, and 2) whether a Board member voted unlawfully after his term had ended.
The facts surrounding this case are essentially undisputed, although the legal effect is contested. The plaintiffs were a group of tenured and non-tenured teacher’s aides. They each received employment termination notices pursuant to the recommendation of Dr. Cleveland Hammonds, Superintendent of the Birmingham public schools. Dr. Ham-monds recommended that the category of teacher’s aides be reduced by 112 as part of his efforts to reduce the cost of proration on the system. Those tenured plaintiffs’ terminations were governed by the Fair Dismissal Act.
At the time the Board voted on the superintendent’s recommendation and notified the plaintiffs of them proposed terminations, the Board was operating under its revised Reduction in Force Policy which had been adopted on July 9, 1991. As required by § 16-11-18, Ala.Code 1975, prior to the adoption of this new policy, the superintendent consulted with the teachers’ unions representing the majority of the employees in the system. The record shows that on July 9, 1991, the Board revised its Reduction in Force Policy for non-certified personnel and on that same day voted to terminate plaintiffs’ employment. Under the 1981 Reduction in Force Policy, the plaintiffs would not have been subjected to termination because the policy required that notice be given 45 days prior to the beginning of the school year, whereas the revised policy required 30-day notice followed by a hearing. The Board’s action in revising the policy was a result of the recommendation of Hammonds that the Reduction in Force Policy be revised.
We examine first the plaintiffs’ contention that the Board’s action in revising its Reduction in Force Policy, violated § 16-11-18, Ala.Code 1975. That section provides in pertinent part:
“The city board of education shall, upon the written recommendation of the city superintendent of education, determine and establish a written educational policy for the city.... Before adopting written policies, the board shall directly, or indirectly through the superintendent, consult with the professional organization representing the majority of the certified employees and in addition shall also consult with professional assistants, principals, teachers and interested citizens. The city board must establish such policies and adopt such rules and regulations and file them with the state superintendent of education. Such written policies, rules and regulations so established, adopted or promulgated shall be made available to all teachers employed by the city board.... ”
The plaintiffs maintain that the new Reduction in Force Policy is void because the Board failed to comply with statutory procedures for amending its policies. The plaintiffs argue that the Board’s 1981 Reduction in Force Policy has never been “modified or amended” by the Board in accord with § 16-11-18. Specifically, the plaintiffs contend *281 that the Board never filed its new policy with the State Superintendent of Education, and, therefore, the new policy never took effect and the 1981 policy governs. Under the 1981 policy, the plaintiffs would not have been subject to employment termination.
The Board has responded, contending that they did in fact comply with the requirements of the governing statute. The Board argues that two requirements must be met before adopting or revising a Board policy: 1) the superintendent must submit a written recommendation to the Board and 2) the Board must consult with the teachers’ organization. There is no dispute that the Board complied with these two requirements. There is also no dispute that on August 6, 1992, the revised policy was filed with the state board of education.
Dr. Wayne Teague, State Superintendent, testified through affidavit that there is no specific time limit in which local boards must file their policies with the state in order for them to be official and there is no penalty for failure to file policies within a certain time. Teague testified that the filing requirement is a means of ensuring that the state department has an up-to-date record of policies of the local school boards. Teague further testified that the Board had complied with the filing requirement in accordance with § 16-11-18 regarding the Reduction in Force Policy-
Section 16-11-18 read in its entirety reveals that the filing requirement occurs after the adoption of a policy. No time limit is promulgated in the statute for this filing. It follows that this is for record keeping purposes and has no effect on the policy itself. We, therefore, find that the statutory requirements of § 16-11-18 have been met. See Kohen v. Board of School Commissioners of Mobile County, 510 So.2d 216 (Ala.1987).
The plaintiffs also contend that Robert Corley, a member of the Board was elected or appointed to serve a five-year term and that his term expired on March 31, 1992. On May 12, 1992, Corley, as a Board member, cast a vote to terminate five of the plaintiffs in the instant case. The plaintiffs argue that since Corley was no longer a member of the Board, that vote was illegal.
Section 16-11-3, Ala.Code 1975, provides for the appointment by the city council of members of the Board to succeed the incumbent in April of each year. However, at the time the Board voted to terminate five of the plaintiffs, the city council had not taken any action to elect a person to the Board to replace Corley. However, the provisions of § 36-1-2, Ala.Code 1975, recognize as binding the official acts of a person holding office as a de facto official. That section provides:
“The official acts of any person in possession of a public office and exercising the functions thereof shall be valid and binding as official acts in regard to all persons interested or affected thereby, whether such person is lawfully entitled to hold office or not and whether such person is lawfully qualified or not, but such person shall be liable to all penalties imposed by law for usurping or unlawfully holding office or for exercising the functions thereof without lawful right or without being qualified according to law.”
Therefore, Corley remains a de facto member of the Board until his successor is duly appointed and qualified to serve as such. The official acts of Corley while serving as a de facto member of the Board are valid and binding. Comer v. City of Mobile, 337 So.2d 742 (Ala.1976).
Another contention of the plaintiffs is that the Board’s action to terminate five of them occurred in “secret session” in violation of the Sunshine Law, § 13A-14-2, Ala.Code 1975. Even if the action taken by the Board was in a secret session in violation of the Sunshine Law, the action would be valid. Ex parte Alabama Public Service Comm., 376 So.2d 665 (Ala.1979).
This court finds that the plaintiffs received all the process they were due in accordance with both state and federal law. The Board’s motion for summary judgment was supported by affidavit of the state superintendent of education and the language of the statute. Therefore, the judgment of the trial court is due to be affirmed.
AFFIRMED.
*282 THIGPEN, J., concurs.
ROBERTSON, P.J., dissents.