This is an appeal from a sua sponte involuntary dismissal pursuant to Rule 41, Ala.R.Civ.P.
Benjamin Hardy was employed by the Birmingham Board of Education (Board). On February 11, 1989, the Board terminated his employment. He appealed his termination to the Employee Review Panel (Panel), and was granted a hearing. The Panel found, on July 14, 1989, that Hardy had been "wrongfully terminated" and that he "should be reinstated immediately to the position of custodian." The Board refused to reinstate Hardy, and on September 15, 1989, Hardy petitioned the Circuit Court of Jefferson County for writ of mandamus, seeking enforcement of the provisions of the Fair Dismissal Act, Ala. Code 1975, § 36-26-100 et seq.
On November 1, 1989, the Board removed the case to a federal district court. The record is scant as to the details of the federal court proceedings, and those proceedings have no bearing on the current appeal. On May 7, 1992, the federal court remanded the case to the Circuit Court of Jefferson County.
After the remand, Hardy and the Board filed motions for summary judgment; the court denied both motions by order dated June 10, 1992, for failure of the parties to have the motions set for a hearing. On September 15, 1992, Hardy filed a second motion for summary judgment and requested a hearing.
Hardy's second motion for summary judgment included a case background and stated additionally, in pertinent part:
 "There are no material issues of fact in that the Panel reinstated [Hardy] to his position and that the [Board] failed and refused to reinstate [Hardy] to his position. There is no issue of fact that [the Board] did not file an appeal or action in Court challenging the decision of the Panel. [Hardy] is entitled to a judgment as a matter of law."
On October 5, 1992, the court held a hearing, at which it heard arguments from counsel and considered the letters from the Panel dated July 14, 1989, and August 14, 1989, and a letter from the Board dated August 9, 1989.
The court denied Hardy's second motion for summary judgment on October 7, 1992, by an order stating: "Counsel are allowed a period of 30 days within which to get this case at issue and have the case placed on the list to be set for trial. If such action is not taken, the case will be dismissed." On November 6, 1992, Hardy filed a "Statement of the Issues and Request for Trial Date." The trial court entered a "Judgment of Dismissal" on January 5, 1993, for "want of prosecution for failure to get the case at issue and have it set for hearing." Following the denial of his Rule 59(e), Ala.R.Civ.P., motion, Hardy appeals.
The dispositive issue is whether Hardy was entitled to an entry of summary judgment. The trial court considered the August 14, 1989, letter of the Panel, which stated in part:
 "It is the decision of the [Panel] that Hardy was wrongfully terminated. The Panel's ruling was that the action of the [Board] was arbitrary, unjust and unwarranted thereby resulting in Hardy's wrongful termination. The Panel further decided that Hardy should be reinstated with back pay."
The Board's response was that the Panel had exceeded its authority, citing Ala. Code 1975, § 36-26-106, in failing to make specific findings of fact. The Panel is not required to make specific findings of fact or conclusions of law. Section36-26-106 provides: *Page 576 
 "In making its decision, the panel shall consider whether the action of the board or its administrative staff was arbitrary or unjust or for political or personal reasons on the part of any member of the board or its staff and whether the board's action was warranted based upon the facts of the case and the employment record of the employee. The decision of the panel shall be final and binding upon the parties."
This court has said regarding the authority of the Panel pursuant to the Fair Dismissal Act:
 "(1) the panel's review is de novo, (2) the panel considers whether the Board's actions were arbitrary, (3) the panel considers whether the Board's actions were warranted based on the facts of the case and the employment record of the employee, and (4) the panel's decision is binding."
Birmingham Board of Education v. Holifield, 604 So.2d 422, 424
(Ala.Civ.App. 1991); and Johnson v. Lawson State Jr. College,581 So.2d 865 (Ala.Civ.App. 1991).
The record reveals that there was no dispute that: (1) Hardy's employment was covered under the Fair Dismissal Act; (2) the Panel found that Hardy had been wrongfully terminated and that he should be reinstated with back pay (letters of July 14, 1989, and August 14, 1989); and (3) the Board refused to reinstate Hardy (letter of August 9, 1989).
Further, the record contains no evidence that the Board appealed or petitioned for a writ of certiorari to challenge the decision of the Panel. We note that the Fair Dismissal Act has no provision for appeal from the Panel decision, and, therefore, that "the proper vehicle for review [in] the circuit court is . . . writ of certiorari." Hughes v. Britnell,554 So.2d 1041, 1042 (Ala.Civ.App. 1989). In cases such as this, where an applicable statute provides no right of appeal and no statutory certiorari review, the only available means of review is the common law writ of certiorari. Fields v. State ex rel.Jones, 534 So.2d 615 (Ala.Civ.App. 1987). The Board should have petitioned the circuit court for a common law writ of certiorari to review the Panel's decision, rather than refusing to comply with the Panel's directive to reinstate Hardy.
In reviewing a motion for summary judgment, a court must determine whether a genuine issue of material fact exists and, if no such issue exists, whether the movant is entitled to a judgment as a matter of law. Rule 56, Ala.R.Civ.P.; Gray v.Birmingham Board of Education, [Ms. AV92000130, November 24, 1993], 1993 WL 482209 (Ala.Civ.App. 1992).
Based upon the record before us, we determine that there was no genuine issue of material fact and that Hardy was entitled to a judgment as a matter of law. Because the Board failed to follow the proper procedures set out for review of a panel decision, Hughes, supra, the decision of the Panel was "final and binding upon the parties." Ala. Code 1975, § 36-26-106. Therefore, the trial court's denial of Hardy's motion for summary judgment was error. For this court to find otherwise would send a message to boards of education that they may simply ignore the decisions of a panel review board, placing the burden upon nonteacher employees subject to the Fair Dismissal Act to enforce the review panel decisions. We note that the overall purpose of the Fair Dismissal Act is to provide nonteacher employees a fair and swift resolution of proposed employment terminations. Holifield, supra.
Because the trial court should have entered a summary judgment in favor of Hardy, this case never should have reached the point of dismissal for want of prosecution.
The judgment of the trial court dismissing the case is due to be, and it is hereby, reversed, and the cause is remanded with instructions to enter a summary judgment in favor of Hardy, requiring enforcement of the Panel's decision ordering reinstatement and backpay.
REVERSED AND REMANDED WITH INSTRUCTIONS.
ROBERTSON, P.J., and THIGPEN, J., concur. *Page 577