I respectfully dissent. I do not believe that Bishop was barred by the doctrine of laches from enforcing the mortgage. Laches applies to an unexcused delay. See Hughes v. Britnell,554 So.2d 1041, 1042 (Ala.Civ.App. 1989). At trial, Bishop gave an excuse for her delay in instituting foreclosure proceedings. She said that, six years earlier, her attorney had put Pierce's attorney "on notice" of her (Bishop's) rights "in the property, " but that the parties had agreed to put the foreclosure "on hold" pending the outcome of other litigation in which the parties were engaged.
I also do not believe that the doctrine of unjust enrichment prevents Bishop from enforcing the mortgage. Bishop's predecessor in title (her father Fred) purchased an assignment of the note and mortgage. Moreover, one who makes improvements to the property of another may not use the concept of "unjust enrichment" to recover the value of his improvements unless (1) he made the improvements under a mistaken belief that he was the owner of the property, or (2) the one on whose property the improvements were made engaged in some unconscionable conduct in order to procure the improvements. See Jordan v. Mitchell,705 So.2d 453 (Ala.Civ.App. 1997). In this case, Joanne and Fritz Pierce were not under a mistaken impression as to the ownership of the property on which the improvements were made; they knew that Fred owned the land. Fred did not wrongly induce Joanne and Fritz to make the improvements; the parties built the barn to facilitate the family farming business on Fred's property.