PITTMAN, Judge.
This appeal arises from the dismissal, pursuant to Rule 12(b)(6), Ala. R. Civ. P., of a declaratory-judgment action filed in December 2002 in the Houston Circuit Court by Pattie W. Alexander, a former public-school teacher, against her former employer, the Dothan City Board of Education (“the school board”), the Retirement Systems of Alabama (“the RSA”), and the State Board of Adjustment.
According to her complaint, Alexander first worked for the school board between 1984 and 1987 as an adult-education teacher pursuant to several nine-and-a-half-month contracts; during that period, she worked between 20 and 30 hours per week. However, according to Alexander’s complaint, the school board refused to consider her previous employment between 1984 and 1987 in determining her annual sala *325 ries after she became employed by the school board in 1987 in a full-time, permanent position as a psychometrist; when she was hired as a full-time psychometrist in 1987, Alexander was provided a “Step 7” salary (as opposed to a “Step 10” salary that would reflect an additional three years’ seniority). Attached as exhibits to Alexander’s complaint were letters sent by three different school-board superintendents in 1988, 1992, and 1998, each indicating that Alexander’s employment between 1984 and 1987 was temporary and not creditable to her for purposes of calculating her salary. Alexander contended in her complaint that after her retirement in May 2001 she “discovered” that her retirement benefits were, in her words, “incorrectly calculated,” and she contended that her annual pension benefits should be greater than those currently paid to her; she also averred that she had sought relief from the Board of Adjustment but that that board had failed or refused to hear her claim. Alexander sought a declaration that she was entitled to have her retirement benefits calculated based upon a higher salary than that salary upon which her benefits are currently calculated, as well as an award of attorney fees.
In response to Alexander’s complaint, all three defendants filed motions to dismiss under Rule 12(b)(6), Ala. R. Civ. P., for failure to state a claim upon which relief could be granted. The trial court directed the parties to file briefs in support of their positions, and Alexander, the Board of Adjustment, and the school board did so. On April 24, 2003, the trial court entered a judgment dismissing the action, concluding that the complaint did not state a justicia-ble controversy such that that court could grant relief. Alexander appealed to this court, contending that the amount in controversy was less than $50,000;[1] however, it appears that this court would have appellate jurisdiction in any event because this case arises from actions taken by a municipal school board in an administrative capacity with respect to one of its employees. See § 12-3-10, Ala.Code 1975 (this court’s jurisdiction extends to “all appeals from administrative agencies other than the Alabama Public Service Commission”).
In deciding whether the trial court correctly dismissed Alexander’s action, we must address whether the complaint states a justiciable controversy as to any of the defendants. “ ‘There must be a justiciable controversy between the parties where legal rights are thwarted or affected to warrant proceedings under the Declaratory Judgment statutes.’ ” Rogers v. Alabama Bd. of Educ., 392 So.2d 235, 237 (Ala.Civ.App.1980) (quoting Town of Warrior v. Blaylock, 275 Ala. 113, 152 So.2d 661 (1963)); see also Ala.Code 1975, § 6-6-229 (providing that a trial court “may refuse to enter a declaratory judgment where such judgment, if entered, would not terminate the uncertainty or controversy giving rise to the proceeding”).
With respect to the school board, we note that the letters attached to Alexander’s complaint, which are considered a part of the complaint pursuant to Rule 10(c), Ala. R. Civ. P., indicate that Alexander’s dispute as to her proper level of compensation first arose no later than January 1988, when she was informed by the school board’s superintendent that she would be denied credit on the school board’s salary schedule for her work as an adult-education instructor. Alexander made two other attempts, in May 1992 and *326 August 1998, to be credited with three additional years of seniority for salary purposes, but both requests were rejected; indeed, according to a letter sent by the school board’s superintendent in September 1998, the school board would “not entertain another appeal by you for your requested action of regular payroll credit for adult education teaching.”
Pursuant to §§ 16-11-9 and 16-11-17, Ala.Code 1975, a municipal board of education, such as the school board in this case, “is ... vested with all the powers necessary or proper for the administration and management of’ public schools, including “fix[ing] the salaries of all employees.” In carrying out its duty under those statutes, the school board has adopted a salary schedule that is based upon a teacher’s years of creditable service. More pertinent to this ease, however, the school board and its superintendent, acting pursuant to §§ 16-11-9 and 16-11-17, have determined on three separate occasions that Alexander was not entitled to credit with respect to that salary schedule for her three years of employment as an adult-education instructor.
Although Alexander certainly disputes the correctness of the school board’s determination, her remedy for correcting that determination, if erroneous, was to timely seek judicial review of that determination via a petition for a writ of certiorari. It is well settled that decisions of governmental boards, such as a local board of education, are subject to judicial review by a petition for a writ of certiorari. See Williams v. Board of Educ. of Lamar County, 263 Ala. 372, 374, 82 So.2d 549, 551 (1955). In cases where an applicable statute, such as § 16-11-9 and § 16-11-17, provides no right of appeal and no statutory right to certiorari review, “the only available means of review is the common law writ of certiorari.” Hardy v. Birmingham Bd. of Educ., 634 So.2d 574, 576 (Ala.Civ.App.1994) (citing Fields v. State ex rel. Jones, 534 So.2d 615 (Ala.Civ.App.1987)) (emphasis added). Specifically, it is well settled under Alabama law that a declaratory-judgment action may not “be substituted for the remedy of appeal, cer-tiorari or mandamus as the method of direct review of the judgments, decrees or orders of a judicial nature, respectively, of lower courts, bureaus, departments, or the directors or administrators thereof.” Mitchell v. Hammond, 252 Ala. 81, 83, 39 So.2d 582, 583 (1949); accord Personnel Bd. of Jefferson County v. Bailey, 475 So.2d 863, 867 (Ala.Civ.App.1985) (declaratory-judgment action “may not be substituted for the remedy of appeal, certiorari, or mandamus as the method of direct review of an agency’s or lower tribunal’s orders”).
In this case, Alexander knew as early as 1988 (and no later than 1998) that the school board would not increase her salary by treating her three years of temporary employment as an adult-education instructor between 1984 and 1987 as creditable employment within the school board’s salary schedule. However, she waited until after her retirement to bring her declaratory-judgment action, which is in the nature of a collateral attack on the school board’s determination. We conclude that the trial court could properly have concluded that Alexander’s declaratory-judgment action did not present a controversy as to the school board that is justiciable under Alabama law.[2]
*327 We reach a similar conclusion as to the RSA. By statute, the Teachers’ Retirement System established pursuant to § 16-25-1 et seq., Ala.Code 1975, which is a component of the RSA (see § 16-25-22(a), Ala.Code 1975), pays to qualified members of the system an annual-service retirement pension amounting to “[t]wo and one-eightieth percent of the member’s average final compensation multiplied by the number of years of his creditable service.” Ala.Code 1975, § 16 — 25—14(c)(1) (emphasis added). A member’s “average final compensation” for purposes of determining the member’s retirement benefits is the “average annual compensation of a teacher ... during the three years in his or her last 10 years of creditable service for which the average is highest.” Ala. Code 1975, § 16-25-1(18).
In light of those statutes, the RSA correctly notes that it must, by law, pay Alexander based upon the compensation she actually received, not what she might have received had she timely sought and obtained judicial relief from the school board’s determination concerning her salary level; only the school board (whether voluntarily or pursuant to judicial mandate) had the authority to increase Alexander’s salary as she desired. Accordingly, no justiciable controversy can properly be said to exist between Alexander and the RSA. Rogers v. Alabama Bd. of Educ., 392 So.2d at 237 (affirming dismissal of declaratory-judgment action brought by teacher and local school board against various state-level education officials where individual teacher was aggrieved by local board’s vacation policy; noting that declaratory-judgment actions “ ‘brought by individuals to test or challenge the propriety of public action often fail ... because the public officer or other person selected as a defendant has ... no special duties in relation to the matters which would be affected by any eventual judgment’ ” (quoting Edwin M. Borchard, Declaratory Judgments, at 76 (2d ed.1941))).
Finally, the judgment of dismissal was correct as to the Board of Adjustment, which has allegedly failed or refused to consider a claim seeking monetary compensation filed by Alexander stemming from her contentions as to what she believes was her proper salary. The Board of Adjustment is afforded jurisdiction to hear and consider various classes of claims, including “[a]ll claims for underpayment by the State of Alabama or any of its agencies, commissions, boards, institutions or departments to parties having dealings” therewith.[3] Ala.Code 1975, § 41-9-62(a)(7). However, the Board of Adjustment, by statute, may not exercise jurisdiction over “any matter or claim of which the courts of this state have or had jurisdiction.” Ala.Code 1975, § 41-9-62(b); Hawkins v. State Bd. of Adjustment, 242 Ala. 547, 548, 7 So.2d 775, 776 (1942) (“[t]he authority of the Board of Adjustment is to act for the Legislature on facts found by the board within defined limits, when no court has jurisdiction ” (emphasis added)).
In this case, as we have already demonstrated, Alexander had a judicial remedy — certiorari review of the school board’s determination as to her creditable years of service — that she did not exercise. Moreover, to the extent that any action by an RSA employee or staff member can be said to have aggrieved Alexander, she had an administrative remedy by way of appeal *328 to the Board of Control of the Teachers’ Retirement System pursuant to Rule 800-1-3-.10, Ala. Admin. Code, and a judicial remedy, pursuant to § 41-22-20, Ala.Code 1975, a portion of the Alabama Administrative Procedures Act, to review any adverse decision by the Board of Control. Under these circumstances, we must conclude that the Board of Adjustment, like the RSA, has “ ‘no special duties in relation to the matters which would be affected by any eventual judgment.’ ” Rogers v. Alabama Bd. of Educ., 392 So.2d at 237.
Based upon the foregoing facts and authorities, the trial court’s judgment is due to be affirmed.
AFFIRMED.
YATES, P.J., and CRAWLEY, THOMPSON, and MURDOCK, JJ., concur.

. The complaint avers that the school board’s decision not to credit her with three additional years of service will cost her "in excess of Ten Thousand Dollars ... over the next [25] years.”

. We thus do not reach the school board’s contention that Alexander’s adult-education employment, as a matter of law, may not properly be considered as employment as a “teacher” in the public schools. See Nelson v. Etowah County Bd. of Educ., 703 So.2d 413 (Ala.Civ.App.1997).

. The Alabama Supreme Court has held that a municipal school board is an "agenc[y], commission! ], board!], institution!], or department! ]" of the state subject to the Board of Adjustment’s jurisdiction. See State ex rel. McQueen v. Brandon, 244 Ala. 62, 12 So.2d 319 (1943).