* "The Supreme Court on December 9, 1991, entered an order granting rehearing ex mero motu. On August 18, 1992, the Court withdrew its December 9, 1991, order."
We issued the writ of certiorari to examine the narrow issue of whether a review panel lost jurisdiction over this case because of its failure to convene within a 60-day statutorily prescribed time period. Because we find the Court of Civil Appeals erred in its holding, we reverse and remand.
Julius Holifield was employed by the Birmingham Board of Education (hereinafter, the "Board"). Holifield was on nonprobationary status, when, on September 6, 1988, he received notice of his proposed termination by the Board. The notice stated that the termination was based upon Holifield's possession of a gun, in violation of School Board Policy # 3131, at Pratt Elementary School, where he was working.
Holifield was informed that he had 15 days after receipt of the notice to request a hearing before the Board on the proposed termination.
On September 12, 1988, Holifield requested a hearing, and one was set for October 6, 1988. It was continued on the request of Holifield's counsel, and it was held on October 20, 1988, and November 1, 1988. Following the hearing, the Board voted for dismissal. Holifield was notified of the Board's decision on November 2, 1988.
Holifield appealed. An employee review panel (hereinafter the "review panel") consisting of three people, was selected, pursuant to § 36-26-105, Code of Alabama 1975. One member of the review panel was selected by the Board, one was selected by Holifield, and one was agreed upon by both.
The review panel was required, under § 36-26-106, to meet within 60 days of the Board's decision. The Board's decision on Holifield's termination was made on November 2, 1988. The review panel scheduled a hearing for December 28, 1988, but continued the hearing by agreement of both parties. At the request of the Board, Holifield's counsel agreed to waive all objections to holding the hearing outside the 60-day statutory period, the very defect the Board now raises against him. The review panel held a hearing on January 19, 1989. The panel reconvened on several occasions and on March 10, 1989, ordered that Holifield's pay be brought current; that he be suspended for 50 days; and that he be re-employed in a department other than the paint department, with an equal position, compensation, and benefits.
Upon review in the circuit court, the Board was ordered to reinstate Holifield with all but 50 days' back pay.
On appeal, the Court of Civil Appeals reversed the circuit court's judgment and held that because the review panel had failed to convene within the 60-day period required by §36-26-106, the review panel had lost jurisdiction to hear the case. 604 So.2d 418.
We disagree.
The statute concerning the review panel provides as follows:
"§ 36-26-106. Hearing process.
 "Upon the employee review panel's selection to hear a case, the panel shall within 10 days establish a date, place, and time for the hearing to be conducted. The date of such hearing shall in no case be later than 60 days following the decision of the employing board. . . ."
Section 36-26-106 states that the date of the review panel hearing "shall in no case" be later than 60 days from the Board's decision. In Washington v. Bessemer Bd. of Education,547 So.2d 888, 892 (Ala.Civ.App. 1989), the Court of Civil Appeals held that the facts of each case will have to be considered in determining whether the parties would be bound by the 60-day requirement of § 36-26-106. In Washington, the Board did not select the first member of the review panel until after the 60-day *Page 422 
period had expired. The Court of Civil Appeals held that the legislature's intent was for the Board to select the first member of the panel. Because the Board caused the delay, the court held that the panel was not bound by the 60-day provision; to apply that provision would unfairly penalize the employee, the court said. The court also noted that an employee cannot benefit from his own improper delays or tactics.
In this case, the review panel, which had already been chosen, scheduled the hearing for December 28, 1988. Both parties agreed to the continuance because of the Christmas holidays. Also, Holifield agreed to waive his right to object to the panel's not holding a hearing within the 60-day period required by the statute. The evidence shows that on December 22, 1988, the Board's attorney wrote to Holifield's attorney, stating, "This is to confirm that you informed Mark Tippens [neutral member and chairman of the review panel] that you have no objection to the hearing in the above referenced matter being held after the Christmas holidays. This further confirms that you have waived your right to contest that the panel will not hold the hearing within the sixty day statutory framework. Based upon your representations, Mr. Tippens continued the hearing from its December 28, 1988 setting. He will notify us of the new setting." Also, an affidavit from Mark Tippens stated that there was an agreement as to the continuance. A continuance was requested and was agreed to by both parties. A delay resulting from an agreement to continue and a waiver by the employee of any objection to the holding of the hearing beyond the 60-day limit is not improper. It was not improper for the parties to agree to continue the scheduled hearing.
The purpose of the Fair Dismissal Act is to provide nonteacher employees with a fair and swift resolution of proposed employment terminations. Bolton v. Mobile County Bd.of School Comm'rs, 514 So.2d 820, 824 (Ala. 1987). As noted inBolton, the Fair Dismissal Act is not an example of legislative clarity. As with any statute, "reasonableness must be read into the provisions" of this Act. 514 So.2d at 824.
We find that this short delay was not improper under this fact situation. The review panel did not lose jurisdiction to hear this case simply because the hearing was briefly continued by agreement of the parties.
For the above stated reasons, the judgment of the Court of Civil Appeals is reversed and this cause is remanded for further proceedings not inconsistent with this opinion.
REVERSED AND REMANDED.
HORNSBY, C.J., and MADDOX, SHORES, ADAMS, HOUSTON and STEAGALL, JJ., concur.