The record reveals that Roy Saulsberry, Jr., was employed as a maintenance co-supervisor by the Wilcox County Board of Education (Board) beginning June 6, 1986. By letter dated May 8, 1989, the acting superintendent notified Saulsberry that his employment would be terminated, effective June 30, 1989. The notice was mailed to Saulsberry's home address, and a return receipt was received by the Board indicating that the notice was delivered May 13, 1989; however, according to deposition testimony, the signature on the return receipt was that of Saulsberry's brother and not that of Saulsberry. Although Saulsberry denied that he received proper notice, his petition for a writ of mandamus, filed in May 1990, asserts that he was notified by letter dated May 8, 1989, that his contract would not be renewed.
In his petition, Saulsberry asserted that he had been wrongfully terminated from his employment in violation of the Fair Dismissal Act (Act) as codified in Ala. Code 1975, §36-26-100 et seq. He further asserted that he had been wrongfully denied payment of certain travel expenses and compensation for accumulated annual leave. His petition requested that the trial court order his reinstatement and reimbursement.
The Board filed motions for summary judgment, supported by affidavits from the Superintendent of Education and excerpts from Saulsberry's deposition. In its motions, the Board contended, inter alia, (1) that Saulsberry was a probationary employee at the time of his dismissal, that his employment was terminated in accordance with the policy and procedures governing the employment of probationary employees, and that he was not entitled to the procedural protection of the Act; (2) that even had Saulsberry been afforded the protection of the Act, he failed to exhaust his administrative remedies prior to pursuing the petition of a writ of mandamus; (3) that his claim was barred by the doctrine of laches, and (4) that the relief sought by Saulsberry was not the proper subject matter for mandamus. Saulsberry submitted affidavits in opposition. Ultimately, the trial court granted the Board's motion for summary judgment, holding as a matter of law that Saulsberry was a probationary employee pursuant to the Act, and that he was properly terminated from his employment on May 8, 1989; hence, this appeal.
Saulsberry contends on appeal (1) that the trial court erred in finding that there was no genuine issue as to a material fact; (2) that his employment was terminated in violation of the Act; and (3) that the Board's action in terminating his employment constituted a violation of his Constitutional right to due process.
The law regarding summary judgment is well established. A motion for summary judgment tests the sufficiency of the evidence; a summary judgment is proper when the trial court determines that there is no genuine issue as to any material fact, and that the moving party is entitled to a judgment as a matter of law. Rule 56, A.R.Civ.P. The moving party bears the burden of negating the existence of a material fact. Melton v.Perry County Board of Education, 562 So.2d 1341 (Ala.Civ.App. 1990). *Page 285 
When a motion for summary judgment is made and supported as provided in the rule, a party adverse to such a motion may not rest upon the mere allegations or denials of his pleadings, but must set forth specific facts showing that there is a genuine issue for trial. Rule 56, A.R.Civ.P. Proof by substantial evidence is now "the test when passing upon a motion for summary judgment." Bass v. SouthTrust Bank of Baldwin County,538 So.2d 794, 798 (Ala. 1989). The reviewing appellate court must apply the same standard utilized by the trial court when reviewing an entry of summary judgment. Melton, supra. We must also review the entire record in a light most favorable to the nonmoving party. Mann v. City of Tallassee, 510 So.2d 222 (Ala. 1987).
We first address Saulsberry's contention that his employment termination violated his right to due process of law under thefourteenth amendment of the United States Constitution. The pleadings and the record fail to disclose that this issue was asserted, argued, or ruled upon by the trial court. An appellate court cannot hold a trial court in error for assertions which are advanced for the first time in the appellant's brief. Altiere v. Blue Cross Blue Shield ofAlabama, 551 So.2d 290 (Ala. 1989). We will not consider on appeal constitutional issues that were not considered by the trial court. City of Montgomery v. Robinson, 441 So.2d 857
(Ala. 1983). Accordingly, we will not consider Saulsberry's argument regarding that issue. The dispositive issue, therefore, is whether the trial court erred in entering the summary judgment on behalf of the Board upon a holding that Saulsberry was a probationary employee, and, therefore, that his employment was properly terminated by the Board.
The Act contains provisions regarding the procedures for the dismissal of non-teacher and non-classified employees. It is undisputed that Saulsberry was employed as a maintenance supervisor on June 6, 1986, which position is governed by the Act. Ala. Code 1975, § 36-26-101, provides:
 "(a) All employees as defined in Section 36-26-100 shall be deemed employed on a probationary status for a period not to exceed three years from the date of his or her initial employment, or a lesser period which may be fixed by the employing authority.
". . . .
 "(c) At any time during the employee's probationary period, the employing authority may remove an employee by furnishing said employee written notification at least 15 days prior to the effective day of termination."
It is, therefore, equally without dispute that at the time the notice of termination of employment was issued, i.e., May 8, 1989, Saulsberry was a probationary employee, and, as such, could be removed upon the employer's furnishing notice to Saulsberry at least 15 days prior to the effective date of his employment termination.
Saulsberry, however, artfully argues that although the notice may have been timely, the effective day of termination of his employment was twenty-five days beyond the three-year probationary period, and, therefore, that he became a non-probationary employee prior to the day of his employment termination. Therefore, he argues that his employment could be terminated only in accordance with Ala. Code 1975, § 36-26-102
et seq. Our adoption of Saulsberry's interpretation of the Act would result in a requirement that the effective day of termination of employment of a probationary employee must occur before the third anniversary of his or her employment.
In addressing this interpretation, the trial court's order stated:
 "There is no dispute that [Saulsberry] was covered by the Fair Dismissal Act nor is there any dispute that the [Board] terminated his employment and sent him notice of that termination prior to the expiration of three years. [Saulsberry] claims, because he was allowed to work for a longer period than three years, he became a non-probationary employee and could only have been terminated for cause as set forth in section 36-26-102. Giving a literal interpretation to section 36-26-102, the Court finds that [Saulsberry's] employment was terminated while he was a probationary *Page 286 
employee and thus his employment was properly terminated without giving cause. The language clearly says 'at any time during the employee's probationary period' he may be removed upon written notification. It also says he must be given at least fifteen (15) days' notice prior to the effective date of termination. Under this provision [Saulsberry] could have been terminated at any time through June 5, 1989. However, if he had been terminated on June 5, 1989, he would have been entitled to work until June 20, 1989, because the notification must come at least 15 days prior to the effective date. Since the [Board] gave [Saulsberry] notice prior to the expiration of his probationary period his employment was properly terminated and the fact that the [Board] allowed [Saulsberry] to work for a longer period than 15 days after the date of the notice of termination does not make him a non-probationary employee."
The requirement sought to be imposed by Saulsberry's interpretation is not reasonable, nor is it consistent with the principles of statutory construction and the prior opinions of this court and our Supreme Court when construing the Act. The overall purpose of the Act "is to provide non-teacher employees a fair and swift resolution of proposed employment terminations." Bolton v. Board of School Commissioners ofMobile County, 514 So.2d 820, 824 (Ala. 1987). Further, the Act should be liberally construed to effectuate its purpose. SeeBolton, supra. We cannot, however, add provisions to the Act which the legislature chose not to include. Our Supreme Court observed and noted that "the 'Fair Dismissal Act' is not a model of legislative clarity" and has indulged in judicial construction to impart "reasonableness" into its language.Bolton at 824.
In Ex parte Clayton, 552 So.2d 152 (Ala. 1989), our Supreme Court rejected an analogy between the Fair Dismissal Act and the Teacher Tenure Act which interpreted the requisite three years' probationary employment, as stated in Ala. Code 1975, §36-26-101, to be three consecutive years. Our Supreme Court favored a literal interpretation of the Act by relying on statutory interpretation language found in State v. Calumet Hecla Consol. Copper Co., 259 Ala. 225, 66 So.2d 726 (1953), as follows:
 "Where it appears from the context that certain words have been inadvertently omitted from a statute, the court may supply such words as are necessary to complete the sense, and to express the legislative intent, but it cannot supply words purposely omitted, and should supply an omission only when the omission is palpable and the omitted word plainly indicated by the context; and words will not be added except when necessary to make the statute conform to the obvious intent of the legislature or prevent the act from being absurd; and where the legislative intent cannot be accurately determined because of the omission, the court cannot add words so as to express what might or might not be intended."
Ex parte Clayton, 552 So.2d 152, 154 (Ala. 1989). We employ the language of Justice Steagall in Clayton to the instant case, i.e., "[w]e do not find that the Fair Dismissal Act will be rendered absurd, or its purpose defeated, or the legislative intent obstructed by enforcing a literal interpretation of it."Clayton at 154. If the legislature had intended that the effective day of employment termination must occur before the third anniversary of one's employment, it would have so stated. There is simply no language within the text of the Act to support Saulsberry's construction. Accordingly, we hold that the employment of Saulsberry, a probationary employee, was properly terminated; therefore, the summary judgment was properly entered by the trial court, and that judgment is affirmed.
AFFIRMED.
ROBERTSON, P.J., and YATES, J., concur. *Page 287