Gerald Golden, a tenured teacher, was the instructor for the automotive and small engine repair program at the McNeel School in the Alabama Department of Youth Services (DYS) school district.
On September 27, 1996, the Board of Education of the DYS school district met. During its meeting the Board voted to adopt the superintendent of education's recommendation to discontinue the automotive and small engine repair program at the McNeel School and to cancel Golden's contract on the grounds of "other good and just cause." In a letter dated October 7, 1996, the Board notified Golden of its proposal "to cancel [his] employment contract on the statutory grounds of other good and just cause." The letter, which also notified Golden of his right to a hearing, stated:
 "The specific reasons supporting the grounds are as follows:
 "1. McNeel Recommendation No. 7 from the Comprehensive Study of the Academic and Vocational Programs of the [DYS] School District stated, `The vocational staff at the McNeel School should, with the consultative services from the State Department of Education, develop and adopt a sequenced course of study for exploratory vocational courses such as technology education, home and personal management, keyboarding/computer literacy, and general agri-business.'
 "2. McNeel Recommendation No. 8 from the Comprehensive Study of the Academic and Vocational Programs of the [DYS] School District stated, `Students at the McNeel School who are not ready for vocational training (generally, ages 12-14) should be provided additional academic, social, and life skills training as well as prevocational exploratory experiences.'
 "3. The number of age appropriate students for automotive and small engine repair at McNeel School dropped as shown by the February 1996 through September 1996 population reports. Board approval has been given for discontinuing the automotive and small engine repair class at the McNeel School."
Golden gave notice of his intent to contest the cancellation of his employment contract. On November 1, 1996, the Board held a hearing to consider whether to uphold the superintendent's recommendation that Golden's contract be cancelled. *Page 74 
At this hearing the only evidence presented were the minutes of the September 27, 1996 Board meeting; the October 7, 1996, letter notifying Golden of the Board's proposal to cancel his contract; and Golden's October 10, 1996, letter requesting a hearing on proposed cancellation of his contract. The only witness at the hearing was the superintendent, who testified that the automotive position at McNeel School has been discontinued.
The Board voted to uphold the superintendent's recommendation to cancel Golden's contract, and it notified Golden of its decision by letter dated November 4, 1996.
Golden appealed to the Alabama State Tenure Commission. The Commission upheld the Board's decision, finding "that the action taken by the Board was in accordance with the tenure law and was neither arbitrarily unjust nor for personal or political reasons." Golden filed with the circuit court a petition for a writ of mandamus, which was denied. Golden appeals to this court.
In Alabama State Tenure Comm'n v. Mountain Brook Board ofEduc., 343 So.2d 522, 526 (Ala. 1976), our supreme court stated:
 "[T]he trial court's right to review the decision of the [Commission] is limited to a determination of whether the Commission's action was made in compliance with the requirements of the law governing teacher tenure, and whether the action was unjust."
Our supreme court also stated that if there was sufficient evidence before the Commission to support its conclusion, then the trial court must affirm the Commission's decision as "not unjust."
In Ex parte Alabama State Tenure Comm'n, 595 So.2d 479, 481-82
(Ala. 1991), our supreme court stated:
 "We have consistently held that the purpose of the tenure statute is to promote stability in employment and to prevent a board from discharging a tenured teacher instead of a nontenured teacher:
 "`It is well established that the Teacher Tenure Act has as its primary purpose the securing of permanency in the teaching force and that it is remedial in nature and is therefore to be liberally construed in favor of the teacher.'
 "Jones was qualified to teach courses other than driver's education. The burden was upon the Board to show that it did not place nontenured teachers in the same fields as the discharged teacher was qualified to teach in."
(Citations omitted) (emphasis added).
In the present case the Board demonstrated that it discontinued the automotive and small engine repair program and that it cancelled Golden's contract because he was the instructor in the program. However, the Board failed to meet its burden of showing that it had not placed nontenured teachers in the same fields as those in which Golden was qualified to teach. Ex parte AlabamaState Tenure Comm'n, 595 So.2d 479. Consequently, the trial court's judgment is due to be reversed and the cause remanded for proceedings consistent with this opinion.
The foregoing opinion was prepared by Sam A. Beatty, Retired Justice, Supreme Court of Alabama, while serving on active duty status as a judge of this court under the provisions of §12-18-10 (e), Ala. Code 1975.
REVERSED AND REMANDED.
All the judges concur.