795 So.2d 703 (1999)
ATHENS STATE COLLEGE and Dr. Jerry Bartlett, in his capacity as president of Athens State College
v.
Betty RUTH.
2980010.
Court of Civil Appeals of Alabama.
December 17, 1999.
*704 Barnes F. Lovelace, Jr., of Harris, Caddell & Shanks, P.C., Decatur, for appellants.
Frederick L. Fohrell and Robert C. Lockwood of Wilmer, Cates, Fohrell & Kelley, P.A., Huntsville, for appellee.
J. Cecil Gardner and William H. Reece of Gardner, Middlebrooks, Fleming & Gibbons, P.C., Mobile, for amicus curiae Alabama Education Ass'n, in support of the appellee.

On Application for Rehearing
YATES, Judge.
The opinion of August 20, 1999, is withdrawn, and the following is substituted therefor.
In 1978, Athens State College started sponsoring the Retired Senior Volunteer Program ("RSVP") for Limestone County. RSVP is a program authorized by Congress to provide a variety of opportunities for retired persons to participate in their community through volunteer service. Athens State, as a sponsor, provided building space and some equipment and handled the funds of RSVP, which were placed in a separate account. Funds for the program are derived from a federal grant, an appropriation from the legislature, and from the local United Way. Only local public agencies, such as Athens State, and private nonprofit organizations can act as the sponsoring agency for a local chapter. In 1978, Athens State employed Betty Ruth to be the director of the Limestone County RSVP program.
In 1989, the Department of Examiners of Public Accounts determined that Athens State could not sponsor the RSVP program without violating applicable state laws. The attorney general issued an opinion stating that Athens State's sponsorship of the program would be legal as long as certain conditions were met, including the condition that Athens State not provide monetary support to the program. The attorney general held that Athens State could terminate the program at any time. On January 29, 1990, Athens State agreed to sponsor the program and did so for the next five years.
In 1995, the Department of Examiners again questioned the legality of Athens State's sponsorship of the RSVP program. *705 Specifically, the Department of Examiners concluded that the "real value" of certain in-kind services provided by Athens State to RSVP constituted "monetary support." In April 1995, Athens State notified Ruth that it would end its sponsorship of the RSVP program. In August 1995, Athens State sent a notice of its intent to terminate Ruth's employment and later that month terminated her employment. In that notice, Athens State alleged that the elimination of the RSVP program necessitated a "justifiable decrease in jobs" for the position of RSVP director.[1]
On November 29, 1995, the attorney general issued another opinion, holding that state colleges could sponsor RSVP programs. That opinion addressed whether in-kind services provided by a college were "tantamount to monetary support" and held that to provide such services was not to provide monetary support, support that was not permitted under the attorney general's 1990 opinion. The attorney general concluded that Ala.Code 1975, § 38-1-6, "gives state government authority to voluntarily participate in programs assisting the aged, even to the point of participation `in the form of moneys, services rendered or any other form of voluntary participation.'" The attorney general's opinion held, as did the 1990 opinion, that Athens State could cease its sponsorship of the program at any time. Two other state colleges, Troy State University and Central Community College, continue to sponsor RSVP programs.
The Fair Dismissal Act, § 36-26-100 et seq., Ala.Code 1975, governs the termination of nonprobationary, nonteacher employees of certain state educational institutions. It is undisputed that Ruth is a nonprobationary, nonteacher employee subject to the procedures provided for termination of nonprobationary, nonteacher employees in the Fair Dismissal Act. It is also undisputed that Athens State and Ruth properly followed the procedures in the Act. Athens State's decision to terminate Ruth's employment was considered by an Employee Review Panel, as provided for in § 36-26-105. The Panel ordered that Ruth be reinstated as a nonteacher employee of the college. Athens State petitioned the circuit court for a writ of certiorari; that court affirmed the Panel's decision requiring Athens State to reinstate Ruth. Athens State appeals.
Like the circuit court's review of the Panel's ruling, our review is limited to the questions whether there was substantial evidence to support the Panel's decision, whether the Panel's findings were contrary to the uncontradicted evidence, and whether the Panel improperly applied the law to the findings. Jefferson County Bd. of Educ. v. Moore, 706 So.2d 1147 (Ala.1997), citing Colbert County Bd. of Educ. v. Johnson, 652 So.2d 274 (Ala.Civ. App.1994).
Pursuant to the Fair Dismissal Act, the Review Panel "shall consider whether the action of the board or its administrative staff [in terminating the employee] was arbitrary or unjust or for political or personal reasons." § 36-26-106.
At the hearing before the Panel, Athens State argued that it believed that the in-kind services it supplied to the RSVP program violated the 1990 attorney general's opinion and that it was required to terminate the program and Ruth's employment. The RSVP program had operated for 17 years without being held to violate state law. Two opinions from the attorney general had held that college *706 sponsorship of the program was permissible. Two other state colleges continue to operate RSVP programs. Therefore, there was substantial evidence presented at the Panel hearing to indicate that Athens State's decision to terminate Ruth was arbitrary; an arbitrary termination is impermissible, under § 36-26-106.
At the time of her termination, Ruth had worked for 17 years at Athens State and was a member of the State Employees Retirement System by virtue of her employment. She held a bachelor of arts degree and a master's degree in business administration. Athens State admitted that between 5% and 10% of its staff consisted of "probationary" employees; such employees are not entitled to the protections of the Fair Dismissal Act.
A nonprobationary employee, such as Ruth, can be terminated for the following reasons: "[F]ailure to perform his or her duties in a satisfactory manner, incompetency, neglect of duty, insubordination, immorality, justifiable decrease in jobs in the system, or other good and just causes." § 36-26-102. That section further provides, however, that "such termination of employment shall not be made for political or personal reasons on the part of any party recommending or voting to approve said termination."
Athens State based its termination upon what it perceived to be a "justifiable decrease in jobs," a decrease that occurred because it was ending its sponsorship of the RSVP program. Athens State argues that it was not required to retain Ruth as an employee after it stopped sponsoring the RSVP program. It contends that the only way for Ruth to remain as an employee of Athens State is for it to place her in a position occupied by a probationary, nonteacher employee. It further argues that it is not required to do that. Ruth contends that Athens State is required to place her in a position held by a probationary, nonteacher employee and for which she is qualified.
The Alabama courts have frequently stated that "the `Fair Dismissal Act' is not a model of legislative clarity." Bolton v. Board of School Comm'rs of Mobile County, 514 So.2d 820, 824 (Ala.1987); Saulsberry v. Wilcox County Bd. of Educ., 641 So.2d 283, 286 (Ala.Civ.App.1993); Ike v. Board of School Comm'rs of Mobile County, 601 So.2d 1014, 1016 (Ala.Civ.App. 1992). To interpret the Fair Dismissal Act, the courts have referred to the Teacher Tenure Act and to decisions applying that Act, in an effort to define and clarify the provisions of the Fair Dismissal Act. See e.g., Ledbetter v. Jackson County Bd. of Educ., 508 So.2d 244 (Ala.1987); Ike v. Board of School Comm'rs of Mobile County, supra; Uwakolam v. Huntsville City Bd. of Educ., 554 So.2d 1036 (Ala.Civ.App. 1989); Hughes v. Britnell, 554 So.2d 1041 (Ala.Civ.App.1989).
Athens State relies on Athens City Bd. of Educ. v. Reeves, 388 So.2d 515 (Ala. 1980), to support its argument that it was not required to retain Ruth as an employee after it stopped sponsoring the RSVP program.[2] In the Reeves case, Paul Reeves, a retired United States Army lieutenant colonel, was a nontenured teacher of Army ROTC courses. He taught during the 1977-78 and 1978-79 school years. He did not receive written notice by the last day of the 1978-79 school year that he would be rehired for the 1979-80 school *707 year, and, in fact, he had received actual notice that the board of education had decided not to rehire him for that year. The supreme court held that he was a regularly certified teacher, pursuant to § 16-24-1, and that he was entitled to written notice by the last day of the school year, as mandated by § 16-24-12. Both § 16-24-1 and § 16-24-12 are part of the Teacher Tenure Act. The supreme court held that the school board had to reemploy Col. Reeves for the 1979-80 school year, because it had not notified him in writing of his termination before the end of the school year.
The supreme court in Reeves adopted the order of the trial court. In dicta, the trial court stated:
"`The [Board] point[s] out that the ROTC program is made possible only by the support of the U.S. Army and that the U.S. Army has the right to withdraw its support from the program at any time and by requiring the [Board] to continue [its] employment of [Reeves] he could acquire tenure and, therefore, force his employment by the [Board] after the ROTC program no longer existed. However, Section 16-24-8, Code of Alabama 1975 provides that a tenured teacher does not have to be reemployed where there is a justifiable decrease in the number of teaching positions or other good and just cause. Obviously, if the ROTC program ceased to exist there would no longer be a teaching position available and the law would not require the retention of the teacher in such set of circumstances."
388 So.2d at 517-18.
Athens State argues that these dicta from Reeves contemplate the situation presented in this case, and support its termination of Ruth, and it argues that its ceasing to sponsor the RSVP program is analogous to Reeves's hypothetical situation where the Army withdraws its support of the ROTC program. Athens State contends that it was not required to retain Ruth as an employee once it no longer sponsored the program of which she was the director.
Ruth contends that the dicta in Reeves contemplate the fact that the ROTC instructor was certified by the Department of Education to teach only ROTC and did not have a professional teaching certificate and that if there was no longer an ROTC program, then the instructor could not be employed as a teacher. Ruth states that she is qualified to do other jobs at Athens State besides work in her former position as RSVP program director.
The Teacher Tenure Act contains § 16-24-8, which, like § 36-26-102 (a part of the Fair Dismissal Act), prohibits the termination of tenured persons, except under limited circumstances. In applying § 16-24-8, the courts have repeatedly held that a school may not terminate a tenured teacher because of a "justifiable decrease in jobs" if it retains nontenured teachers in positions for which the tenured teacher is qualified. Ex parte Alabama State Tenure Comm'n, 595 So.2d 479 (Ala.1991); Golden v. Alabama State Tenure Comm'n, 718 So.2d 73 (Ala.Civ.App.1998).
In Golden, the teacher, Gerald Golden, was tenured. He was employed as an instructor for the automotive- and small-engine-repair program at the McNeel School in the Alabama Department of Youth Services school district. In 1996, the DYS school district's board of education voted to discontinue the program and to cancel Golden's contract. The State Tenure Commission and the circuit court upheld the termination. However, this court reversed the judgment allowing the termination:
"In the present case the Board demonstrated that it discontinued the automotive and small engine repair program *708 and that it cancelled Golden's contract because he was the instructor in the program. However, the Board failed to meet its burden of showing that it had not placed nontenured teachers in the same fields as those in which Golden was qualified to teach."
718 So.2d at 74.
Ruth has worked for 17 years with Athens State, and holds a bachelor of arts degree and a master's degree in business administration. Although the position for which she was hired has been eliminated, Athens State has other positions for which she is qualified. Therefore, we hold that the Panel's decision was supported by substantial evidence. Accordingly, we affirm the judgment of the circuit court.
OPINION OF AUGUST 20, 1999, WITHDRAWN; OPINION SUBSTITUTED; APPLICATION FOR REHEARING OVERRULED AND RULE 39(k) MOTION DENIED; AFFIRMED.
ROBERTSON, P.J., and MONROE, J., concur.
CRAWLEY and THOMPSON, JJ., dissent.
CRAWLEY, Judge, dissenting.
I agree with Judge Yates that the Employee Review Panel's findings of fact need only be supported by substantial evidence in order to be sustained on appeal. I conclude, however, that the Panel erred as a matter of law in ordering that Ruth be reinstated as an employee of the College.
The Panel's order requires the College to place Ruth, who is a nonprobationary, nonteacher employee, whose termination is governed by the Fair Dismissal Act, Ala. Code 1975, § 36-26-100 et seq., in an employment position for which she is "qualified" and that is currently held by a probationary, nonteacher employee. As Judge Yates states, a nonprobationary, nonteacher employee may be terminated only for the reasons stated in § 36-26-102, Ala. Code 1975. I conclude that the College properly terminated Ruth's employment on the basis of a "justifiable decrease in jobs in the system." The College ceased its sponsorship of the RSVP program; therefore, there was a "justifiable decrease" in the number of jobs available as director of the RSVP program, which was Ruth's job.
I would not, as Judge Yates does, construe § 36-26-102 in pari materia with § 16-24-8 of the Teacher Tenure Act. Section 16-24-8 provides that a tenured teacher's employment may be terminated for limited reasons only, one of which is a "justifiable decrease in the number of teaching positions." Sections 16-24-8 and 36-26-102 have almost identical language, but I would not construe them in pari materia, because they do not deal with the same subject matter.
Section 16-24-8 has been interpreted to require that a tenured teacher's employment may not be terminated if a nontenured teacher holds a teaching position for which the tenured teacher is certified. See Ex parte Alabama State Tenure Comm'n, 595 So.2d 479 (Ala.1991); Pickens County Bd. of Educ. v. Keasler, 263 Ala. 231, 82 So.2d 197 (1955); and Golden v. Alabama State Tenure Comm'n, 718 So.2d 73 (Ala.Civ.App.1998). Ruth contends that she is qualified to perform other nonteacher jobs at the College. I do not agree that Ruth should be made presumptively qualified to hold another nonteacher position at the College, i.e., I would not bestow Ruth with precisely the same seniority that a tenured teacher has.
The nature of Ruth's employment and the nature of a teacher's employment are quite different. Teachers are certified to *709 teach in specific areas and in those specific areas only. State Bd. of Educ. Admin. Code, § 290-3-2-.03. A teacher's "qualification" for a teaching position is automatically determined by his or her areas of certification. State Bd. of Educ. Admin. Code, § 290-3-2-.01 et seq.
Unlike a teacher certified to teach in particular subject areas, Ruth is not presumptively qualified to perform any of the varied nonteacher positions at the College. Ruth has been the director of a specific program. To force the College to place her in another position held by a probationary, nonteacher employee without allowing the College or Ruth's potential supervisor to consider Ruth's specific qualifications for a position and without allowing the consideration of the preferences of the supervisor or the particular needs of the College in filling that position would create an undue hardship on the College.
I conclude that the College was justified, as a matter of law, in terminating Ruth's employment on the basis of a "justifiable decrease" in positions. As Judge Yates states in the facts of her opinion, the College was allowed to cease sponsorship of the RSVP program at any time; I would hold that once it decided to do so, it was not required to retain Ruth as an employee. I would reverse the judgment of the circuit court affirming the decision of the Employee Review Panel.
NOTES
[1] Section 36-26-102, Ala.Code 1975, a part of the Fair Dismissal Act, provides a list of potential reasons for terminating a protected employee. One of the permissible reasons for termination is a "justifiable decrease in jobs in the system."
[2] In its original brief, Athens State appears to argue inconsistent positions. It first argues that the rationale in cases interpreting the Teacher Tenure Act should not be used to interpret the Fair Dismissal Act. However, Athens State goes on to cite Reeves, a case interpreting the Teacher Tenure Act, in support of its arguments regarding Ruth and the Fair Dismissal Act.