I agree with Judge Yates that the Employee Review Panel's findings of fact need only be supported by substantial evidence in order to be sustained on appeal. I conclude, however, that the Panel erred as a matter of law in ordering that Ruth be reinstated as an employee of the College.
The Panel's order requires the College to place Ruth, who is a nonprobationary, nonteacher employee, whose termination is governed by the Fair Dismissal Act, Ala. Code 1975, § 36-26-100
et seq., in an employment position for which she is "qualified" and that is currently held by a probationary, nonteacher employee. As Judge Yates states, a nonprobationary, nonteacher employee may be terminated only for the reasons stated in § 36-26-102, Ala. Code 1975. I conclude that the College properly terminated Ruth's employment on the basis of a "justifiable decrease in jobs in the system." The College ceased its sponsorship of the RSVP program; therefore, there was a "justifiable decrease" in the number of jobs available as director of the RSVP program, which was Ruth's job.
I would not, as Judge Yates does, construe § 36-26-102in pari materia with § 16-24-8 of the Teacher Tenure Act. Section 16-24-8 provides that a tenured teacher's employment may be terminated for limited reasons only, one of which is a "justifiable decrease in the number of teaching positions." Sections 16-24-8 and 36-26-102 have almost identical language, but I would not construe them in pari materia, because they do not deal with the same subject matter.
Section 16-24-8 has been interpreted to require that a tenured teacher's employment may not be terminated if a nontenured teacher holds a teaching position for which the tenured teacher is certified. See Ex parte Alabama State Tenure Comm'n,595 So.2d 479 (Ala. 1991); Pickens County Bd. ofEduc. v. Keasler, 263 Ala. 231,82 So.2d 197 (1955); and Golden v. Alabama State TenureComm'n, 718 So.2d 73 (Ala.Civ.App. 1998). Ruth contends that she is qualified to perform other nonteacher jobs at the College. I do not agree that Ruth should be made presumptively qualified to hold another nonteacher position at the College, i.e., I would not bestow Ruth with precisely the same seniority that a tenured teacher has.
The nature of Ruth's employment and the nature of a teacher's employment are quite different. Teachers are certified to *Page 709 
teach in specific areas and in those specific areas only. State Bd. of Educ. Admin. Code, § 290-3-2-.03. A teacher's "qualification" for a teaching position is automatically determined by his or her areas of certification. State Bd. of Educ. Admin. Code, §290-3-2-.01 et seq.
Unlike a teacher certified to teach in particular subject areas, Ruth is not presumptively qualified to perform any of the varied nonteacher positions at the College. Ruth has been the director of a specific program. To force the College to place her in another position held by a probationary, nonteacher employee without allowing the College or Ruth's potential supervisor to consider Ruth's specific qualifications for a position and without allowing the consideration of the preferences of the supervisor or the particular needs of the College in filling that position would create an undue hardship on the College.
I conclude that the College was justified, as a matterof law, in terminating Ruth's employment on the basis of a "justifiable decrease" in positions. As Judge Yates states in the facts of her opinion, the College was allowed to cease sponsorship of the RSVP program at any time; I would hold that once it decided to do so, it was not required to retain Ruth as an employee. I would reverse the judgment of the circuit court affirming the decision of the Employee Review Panel.